**MAKAREM & ASSOCIATES** APLC
Ronald W. Makarem, Esq. (SB#180442)
Samuel D. Almon, Esq. (SB# 243569)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299; Fax:(310) 312-0296

Attorneys for Plaintiffs FRANK J. FODERA, JR.
and MICHAEL M. BONELLA, individually and
on behalf of all others similarly situated.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FODERA, JR. and MICHAEL M. BONELLA, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>        vs.<br><br>EQUINOX HOLDINGS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 3:19-cv-05072-WHO<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Failure to Pay Minimum Wage;**<br>**(2) Failure to Pay Overtime Wages;**<br>**(3) Failure To Provide Meal Periods;**<br>**(4) Failure To Provide Rest Periods;**<br>**(5) Failure To Pay for Rest and Recovery Periods;**<br>**(6) Failure to Furnish Accurate Wage Statements;**<br>**(7) Failure to Pay Earned Wages Upon Termination;**<br>**(8) Unfair Competition in Violation of Business and Professions Code Section 17200**<br><br>**[JURY TRIAL DEMANDED]** |

        Plaintiff FRANK J. FODERA and MICHAEL M. BONELLA ("Plaintiffs"), individually

and on behalf of all similarly situated individuals, hereby complain and allege as follows:

1

**<u>INTRODUCTION</u>**

2      1.    This case arises out of the failure of Defendants EQUINOX HOLDINGS, INC.

3 ("Equinox Holdings") and Does 1-50 (together with Equinox Holdings, "Defendants") to pay

4 minimum wage to non-exempt employees, failure to pay all overtime hours earned, failure to

5 provide compliant meal and rest periods, failure to pay for separate rest and recovery periods in

6 connection with piece-rate work, failure to furnish accurate wage statements, and failure to pay all

7 wages owed at the time of termination, among other things.

8      2.    Plaintiffs and all other similarly situated individuals (collectively, the "Class" or

9 "Class Members") were employed by Defendants during the four years preceding the filing of this

10 action, and continued while this action was pending (the "Class Period"), and were denied the

11 benefits and protections required under the California Labor Code and other statutes and

12 regulations applicable to employees in the State of California.

13      3.    Plaintiffs and Class Members allege that Defendants (1) failed to pay Plaintiffs and

14 Class Members required minimum wages; (2) failed to pay Plaintiffs and Class Members required

15 overtime wages; (3) failed to provide Plaintiffs and Class Members with compliant meal periods

16 and failed to pay one hour of pay at Class Members' regular rate of compensation for each workday

17 that a compliant meal period was not provided; (4) failed to authorize and permit compliant rest

18 periods and failed to pay one hour of pay at Plaintiffs' and Class Members' regular rate of

19 compensation for each workday that a compliant rest period was not authorized and permitted; (5)

20 failed to pay Plaintiffs and Class Members for rest and recovery periods separately from, and in

21 addition to, their piece-rate pay for piece-rate work performed pursuant to Labor Code § 226.2; (6)

22 failed to furnish Plaintiffs and Class Members with complete and accurate wage statements; (7)

23 failed to pay Plaintiff Bonella and Class Members all earned wages after their employment ended

24 in violation of Labor Code §§ 201 and/or 202; and (8) violated California's Unfair Business

25 Practices Act, California Business & Professions Code §§ 17200, et seq.

26

27

28

4.      Plaintiffs and Class Members, pursuant to Business & Professions Code §§ 17200-17208, also seek injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to pay proper compensation.

## JURISDICTION AND VENUE

5.      This action was originally filed in Alameda County Superior Court, which has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10.   Defendants subsequently removed the action to this Court.  The action is brought pursuant to Code of Civil Procedure § 382 and Civil Code § 1781 *et seq.*  Plaintiffs bring this action on their own behalf, and on behalf of all persons within the Class as hereinafter defined.

6.      Venue of this action in the County of Alameda is proper pursuant to Code of Civil Procedure §§ 395(a) and 395.5, in that many of the wrongful acts complained of herein occurred in Alameda County, and Defendants are found, maintain offices in, and/or transact business in Alameda County.

## THE PARTIES

7.      Plaintiff MICHAEL M. BONELLA ("Bonella") is a resident of San Francisco County, California, and was employed by Defendants in San Francisco County and San Diego County, California as a non-exempt employee within the last four years preceding the filing of this action.  Bonella is a former employee of Defendants, and was employed by Defendants as a personal trainer and as a group fitness instructor in California within the last four years preceding the filing of this action.

8.      Plaintiff FRANK J. FODERA, JR. ("Fodera") is a resident of Los Angeles County, California, and was employed by Defendants in Los Angeles County, California, as a non-exempt employee within the last four years preceding the filing of this action.  Fodera is employed by Defendants as a group fitness instructor in California, and within the four last four years preceding the filing of this action, Fodera was employed by Defendants as a personal trainer in California.

9.     Plaintiffs are informed and believe, and thereon allege, that EQUINOX HOLDINGS, INC. is and at all times relevant hereto was a Delaware corporation doing business in Alameda County, California and other counties in the State of California.

10.     The true names and capacities of Defendants Does 1 through 50, inclusive, and each of them, are unknown to Plaintiffs, who sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to Plaintiffs and the members of the Class. Plaintiffs will seek leave of Court to amend this Complaint to state the true name(s) and capacities of such fictitiously named defendants when the same have been ascertained.

11.     Plaintiffs are informed and believe and thereon allege that at all times relevant herein, each defendant aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts complained of herein and to engage in a course of conduct and the business practices complained of herein.

12.     Defendants, including Does 1 through 50, inclusive, are now, and/or at all times mentioned in this Complaint were, the affiliates of some or all other Defendants, and vice-versa, and in doing the thing alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by or under common control with such other Defendants.

13.     Defendants, including Does 1 through 50, inclusive, are now, and/or at all times mentioned in this Complaint were, the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

14.     Defendants, including Does 1 through 50, inclusive, are now, and/or at all times mentioned in this Complaint were, members of, and/or engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

15.     Defendants, including Does 1 through 50, inclusive, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

## FACTUAL ALLEGATIONS

16.     This is a class action pursuant to Section 382 of the California Code of Civil Procedure to vindicate rights afforded to the class by California labor law.  This action is brought on behalf of Plaintiffs and all similarly situated current and former employees who worked for Defendants as non-exempt employees within the State of California within the four years preceding the filing of this lawsuit.

17.     On information and belief, Defendants are in the business of, among other things, owning and operating luxury health clubs throughout California.  According to Defendants' website, Defendants currently have approximately 32 locations in California, including in Alameda County, and news outlets have reported on additional locations planned in San Francisco, Los Angeles, and San Diego County.

18.     Defendants employ group fitness instructors and personal trainers at their health clubs, including in Alameda County, as non-exempt employees.

19.     During Plaintiffs' and Class Members' entire employment with Defendants, Plaintiffs and Class Members were not exempt from the Employment Laws and Regulations, and Defendants treated Plaintiffs and Class Members as non-exempt employees.  Plaintiffs and Class Members primarily engaged in non-exempt duties delegated to non-exempt employees such as, for example, performing personal training sessions, teaching group fitness classes, cleaning and straightening up the facilities during "floor shifts," preparing client exercise programs, communicating with clients outside of personal training sessions, and attending mandatory meetings and trainings.

20.     During Plaintiffs' and Class Members' entire employment with Defendants, Plaintiffs and Class Members spent few to none of their working hours performing work which was primarily intellectual, managerial or creative, or which required the regular and customary exercise of discretion and independent judgment with respect to matters of significance on more than an

occasional basis.

21.     On information and belief, Plaintiffs and Class Members often worked more than 40 hours in a workweek and more than 8 hours in a workday.  As just one example, to the best of his recollection, Bonella worked more than 40 hours during the week of January 15-21, 2018, and worked more than 8 hours on some or all days that week, but he was not paid overtime compensation for all of the overtime hours he worked.  Additionally, by way of example only, in January 2018, Bonella also worked seven days in a row more than once, but was not paid all overtime compensation he was owed. Similarly, to the best of his recollection, and by way of example only, during the weeks of June 18-24, 2017, June 25-July 1, 2017, and July 2-8, 2017, Fodera worked more than 40 hours and worked more than 8 hours on at least some days those weeks, but he was not paid overtime compensation for all of the overtime hours he worked.  Additionally, by way of example only, to the best of his recollection, Fodera worked twelve days in a row from May 15-16, 2017, and worked eight days in a row from June 17-24, 2017, but was not paid all overtime compensation he was owed. During their employment, Plaintiffs and Class Members suffered damages for the wage and hour violations committed by Defendants described below.

22.     During Plaintiffs' and Class Members' entire employment with Defendants, Defendants' policies provided that Plaintiffs and Class Members were to be paid at an hourly rate for time that they were clocked in while performing certain tasks, such as, for example, personal training sessions, teaching group fitness classes, cleaning and straightening up the facilities during "floor shifts" and attending mandatory meetings and trainings.

23.     Defendants' policies also provided that Plaintiffs and Class Members were to be paid on a piece-rate basis for certain tasks.  Under Defendants' piece-rate compensation policies, Plaintiffs and Class Members were to be paid a fixed sum each time they completed a particular task, such as, for example, performing a personal training session or teaching a group fitness class.

24.     Defendants also regularly suffered or permitted Plaintiffs and Class Members to perform a wide range of unpaid, off-the-clock work.  Some of this off-the-clock work consisted of tasks which Defendants referred to as "session related activities."  "Session related activities"

SECOND AMENDED CLASS ACTION COMPLAINT

included, for example, interacting with clients outside of personal training and group fitness sessions, creating calendars, and preparing client programs.  "Session related activities" included tasks that were not directly related to performing a personal training or group fitness session.

25.    During Plaintiffs' and Class Members' entire employment with Defendants, Defendants also regularly suffered or permitted Plaintiffs and Class Members to perform other work off the clock that was not designated "session related activities."  For example, Defendants regularly required Plaintiffs and Class Members, while not clocked in, to perform work including, without limitation, manually scheduling work-related meetings, corresponding with supervisors, and contacting prospective customers.  Defendants did not advise Plaintiffs and Class Members that they should only perform these activities while clocked in.  Defendants did not pay Plaintiffs or Class Members for time spent performing off-the-clock work.  For example, while working for Defendants, both Bonella and Fodera both were required to spend time while not clocked in contacting individuals whom Equinox had identified as prospective customers, or "leads."  This consisted of, among other things, making "cold calls" and sending emails to leads while off the clock.  As another example, both Bonella's and Fodera's supervisors often contacted them outside of work hours, including by email or text message, requiring Bonella and Fodera to spend off-the-clock time reading their supervisors' emails or texts. Their supervisors often expected prompt responses, requiring further off-the-clock work.  Indeed, to the best of their understanding and recollection, Bonella and Fodera were not permitted to clock in for the purposes of reading and responding to their supervisors' emails or texts.  Defendants knew that Bonella and Fodera were not clocked in when these emails or texts were sent, because, among other reasons, they had access to Bonella's and Fodera's calendars.  Moreover, upon receiving responses from Bonella and Fodera, they knew that Bonella and Fodera were responding while off the clock.

26.    Although Defendants suffered or permitted Plaintiffs and Class Members to work off the clock, including, without limitation, by performing "session related activities" and other off-the-clock work, Defendants neither compensated Plaintiffs and Class Members for such work nor counted those hours for purposes of calculating overtime.  As just one example, to the best of his

recollection, with Defendants' knowledge, Bonella performed off-the-clock work, including programming (preparing client exercise programs), without compensation, during the week of January 15-21, 2018.  As another example, to the best of his recollection, Fodera performed off-the-clock work, including programming, during the weeks of June 18-24, 2017, June 25-July 1, 2017, July 2-8, 2017, and November 11-17, 2018.

27.     Instead of paying Plaintiffs and Class Members for each hour worked, Defendants' stated policy was to engage in wage averaging, whereby Defendants purported to determine whether the piece-rate compensation paid, divided by the time spent performing the session plus the time spent performing unpaid "session related activities", resulted in an average hourly rate of at least minimum wage.

28.     In practice, Defendants discouraged and/or prohibited Plaintiffs and Class Members from recording all time they worked performing session related activities and other off-the-clock work.  For example, Defendants' Personal Trainer Compensation Plan states that personal trainers "should spend no more than two to three (2-3) hours per week on session related activities," and that a personal trainer must speak with management if they "feel [they] need to spend more than two to three hours per week" on programming. Defendants required Plaintiffs and Class Members to perform programming for each of their personal training clients, and required group fitness instructors to perform programming for their group fitness classes.  In practice, Fodera and Bonella found that it was not possible to perform all of the programming that Defendants required within the allotted 2-3 hours per week—and that is without considering other so-called "session related activities," such as corresponding with clients.  Yet Fodera was told by a manager or supervisor not to record any time spent on session related activities, including programming, above two hours per week.  As another example, during the time Bonella was working at Defendants' Pine Street location in San Francisco, on at least one occasion he recorded his time spent programming and a manager or supervisor told him to stop doing so.  Consequently, Defendants' records did not reflect all hours worked by Plaintiffs and Class Members.

29.     During Plaintiffs' and Class Members' entire employment with Defendants, under Defendants' compensation policies, Plaintiffs and Class Members were entitled to receive certain non-discretionary bonuses if they met certain objective criteria.  Defendants repeatedly failed to pay earned non-discretionary bonuses when due.

30.     Defendants also repeatedly failed to pay Plaintiffs and Class Members, among other things, all piece-rate pay earned.  For example, Defendants failed to pay Plaintiffs and Class Members for all personal training sessions and group fitness classes performed in the applicable pay period.  For example, Fodera recalls several times when one or more personal training sessions were not reflected on his paychecks, and he had to contact management to request payment for the missing sessions, which were paid to him belatedly; because this happened periodically, and the missing sessions were paid (belatedly) only after he caught the error and specifically requested payment, Fodera believes that there were other occasions when his paycheck did not reflect all piece-rate pay earned and he was never paid the omitted piece-rate pay because he did not detect the omission.

31.     Defendants did not pay Plaintiffs and Class Members all overtime compensation earned.  For example, Defendants did not consider Plaintiffs' and Class Members' off-the-clock work when calculating overtime wages, resulting in Plaintiffs and Class Members not being paid all overtime wages due.  For example, to the best of his recollection, Bonella worked more than 40 hours the week of January 15-21, 2018, and worked more than 8 hours on some or all days that week, including client programing and other work performed off the clock.  As another example, to the best of his recollection, and by way of example only, during the weeks of June 18-24, 2017, June 25-July 1, 2017, and July 2-8, 2017, Fodera worked more than 40 hours and worked more than 8 hours on at least some days those weeks, including client programing and other work performed off the clock.  But Equinox did not pay Fodera or Bonella overtime wages (or any wages) for off-the-clock work performed in excess of 40 hours, or 8 hours in a day, during those weeks, and did not include off-the-clock work in calculating whether Fodera or Bonella worked overtime those weeks. As another example, upon information and belief, in calculating overtime wages, Defendants failed to consider all non-discretionary bonuses earned by Plaintiffs and Class Members, including, among

-9-
SECOND AMENDED CLASS ACTION COMPLAINT

other reasons, because Defendants failed to pay all earned non-discretionary bonuses when due and failed to include them in Plaintiff's and Class Members' pay checks and wage statements. This is confirmed by Plaintiff's pay records, which show that when Defendants did pay overtime, they calculated it as exactly 1.5 times the hourly rate paid to Plaintiffs; if Defendants considered earned non-discretionary bonuses as part of Plaintiffs' and Class Members' regular rate of pay, the overtime rate would be more than 1.5 times the hourly rate paid to Plaintiffs.

32.     Defendants failed to pay Plaintiffs and Class Members minimum wage for all hours worked, including uncompensated off-the-clock work which Defendants suffered or permitted Plaintiffs and Class Members to perform.  For example, Bonella and Fodera frequently performed uncompensated off-the-clock work, for which they were not paid minimum wage.  As one example, to the best of his recollection, Bonella performed off-the-clock work, for which he was not paid minimum wage, the week of January 15-21, 2018.  As another example, Fodera performed off-the-clock work, for which he was not paid minimum wage, the week of June 18-24, 2017.  As another example, Fodera performed off-the-clock work, for which he was not paid minimum wage, the week of November 11-17, 2018.

33.     Defendants did not provide Plaintiffs or Class Members with compliant and timely thirty-minute meal periods.  For example, Defendants regularly failed to provide meal periods until after Plaintiffs and Class Members had completed a work period of more than five hours.  For example, Plaintiffs are informed and believe that until approximately April 2018, Defendants' stated policy permitted Plaintiffs and Class Members to work five hours in a row without a meal break; additionally, Defendants' employee handbook permitted Plaintiffs and Class Members to clock in up to five minutes before their starting time and up to five minutes after their shift ended; as a result, Defendants' policies permitted Plaintiffs and Class Members to work more than five hours in a row without a meal break, and Plaintiffs and Class Members commonly did so.  As one example, to the best of his recollection, Bonella worked more than five hours in a row without receiving a meal break during the week of January 15-21, 2018.  As another example, to the best of his recollection, Fodera worked more than five hours in a row without receiving a meal break during the week of

June 25-July 1, 2017.  As another example, Plaintiffs and Class Members were regularly required to take meal periods of less than 30 minutes in order to timely return to their job duties, such as, for example, to avoid being late for their next training session. For example, Plaintiffs and Class Members would have to return to work a few minutes before a full 30 minutes break time had elapsed between sessions or group fitness classes, because Defendants required personal training sessions and group fitness classes to be scheduled exactly on the hour, quarter hour, or half hour. Therefore, when scheduled for a 30 minute meal break between personal training sessions or group fitness classes, Plaintiffs and Class Members would have to begin walking back to the location of their next personal training session or group fitness class before a full 30 minutes of break time had elapsed, or else they would be late to their next session or class; therefore, when Plaintiffs and Class Members did receive meal breaks, those breaks were often less than 30 minutes.

34.    If an employer fails to provide an employee with compliant and timely thirty-minute meal periods, the employer must pay the employee a premium payment of one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.  Yet Defendants failed to pay Plaintiffs and Class Members premium payments for each missed or non-compliant meal period.  For example, to the best of his recollection, Bonella worked more than five hours in a row without receiving a meal break during the week of January 15-21, 2018, yet he did not receive a meal break premium.   As another example, to the best of his recollection, Fodera worked more than five hours in a row without receiving a meal break during the week of June 25-July 1, 2017, yet he did not receive a meal break premium.

35.    Defendants did not authorize or permit Plaintiffs or Class Members to take compliant and timely ten-minute rest periods.  For example, Plaintiffs and Class Members regularly worked four hours or more continuously without a paid ten-minute rest break.  As another example, Plaintiffs and Class Members regularly worked between two and four hours continuously without a paid ten-minute rest break, on days in which they worked three and one-half hours or more.

36.    Defendants failed to pay Plaintiffs and Class Members premium payments for each shift with a missed or non-compliant rest periods. For example, to the best of his recollection,

Bonella worked four hours or more continuously without receiving a ten-minute rest period during the week of January 15-21, 2018, yet he did not receive a rest break premium.   As another example, to the best of his recollection, Fodera worked for hours or more continuously without receiving a ten-minute rest period during the week of June 25-July 1, 2017, yet he did not receive a rest break premium

37.   With respect to work that Plaintiffs and Class Members performed on a piece-rate basis, Defendants failed to compensate Plaintiffs and Class Members for rest and recovery periods separate from any piece-rate compensation, and failed to calculate such compensation as required under Labor Code § 226.2(a)(3).   For example, Defendants compensated Plaintiffs and Class Members on a piece-rate basis for tasks including, for instance personal training sessions, but did not pay Plaintiffs and Class Members for rest and recovery periods or other time spent not performing piece-rate tasks at the regular hourly rate required by Labor Code Section 226.2.   That is, not only should Plaintiffs and Class Members have received required ten-minute rest breaks when they continuously worked four hours, or a major fraction thereof, performing piece-rate work, but Defendants were required to pay Plaintiffs and Class Members during those rest breaks at the regular hourly rate as calculated pursuant to § 226.2. To the best of Fodera's and Bonella's recollection, Defendants never provided them with a paid ten-minute rest break when they continuously worked four hours, or a major fraction thereof, and therefore never paid them at the regular rate required by § 226.2 during those non-existent rest breaks.

38.   As a result of these violations, Defendants also failed to provide complete and accurate wage statements and failed to pay Plaintiffs and Class Members all amounts owed upon termination of employment.   Defendants also thereby violated California's Unfair Business Practices Act, California Business & Professions Code §§ 17200.

39.   Plaintiffs seek attorneys' fees pursuant to California Labor Code section 218.5 and any other applicable sections.

40.   Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through unfair business practices in violation of California Business & Professions Code

section 17200, *et seq.*, to prevent the Defendants from benefiting from their unlawful, fraudulent and unfair acts.  Such sums recovered under the Unfair Competition Act and Unfair Businesses Act are equitable in nature and are not to be considered damages.  Plaintiffs are also entitled to costs, attorneys' fees, interest and penalties as provided for by the Labor Code, the Business & Professions Code and Code of Civil Procedure §1021.5.

**CLASS ACTION ALLEGATIONS**

41.    Plaintiffs bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382.  The Classes Plaintiffs seek to represent are composed of and defined as follows:

> All current and former non-exempt employees employed by any Defendant in California as personal trainers, or in any other similar capacity, at any time during the four-year period preceding the filing of this action through the present.

> All current and former non-exempt employees employed by any Defendant in California as group fitness instructors, or in any other similar capacity, at any time during the four-year period preceding the filing of this action through the present.

42.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

43.    **Numerosity and Ascertainability (C.C.P. § 382):** The potential number of Class Members as defined is so numerous that joinder of all members would be infeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of putative Class Members is unknown at this time, however, it is estimated that the

Class will number greater than 100. The identity of such membership can be readily ascertained from Defendants' employment records.

44.   **Superiority (C.C.P. § 382):** The nature of this action and the nature of laws available to Plaintiffs make the use of the class action format particularly efficient and appropriate. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual Class Members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual Class Members to seek relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual Class Members were to litigate separately.

45.   **Well-defined Community of Interest:** Plaintiffs also meet the three factors for establishing a community of interest: (1) predominant common questions of law or fact; (2) a class representative with claims or defenses typical of the class; and (3) a class representative who can adequately represent the class, (*see, e.g. Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

46.   **Predominant Questions of Law or Fact:** There are common questions of law and/or fact as to the members of the Class which predominate over questions affecting only individual members of the Class, including, without limitation:

      a.   Whether Defendants violated Labor Code Section 1194 by not paying Class Members the legal minimum wage for all hours worked;

b.  Whether Defendants violated Labor Code Sections 510 and 1194 by not properly paying overtime wages to Class Members for all hours worked in excess of eight hours in one day, in excess of 40 hours in one workweek, and in during the first eight hours on the seventh day of work in one workweek, and by failing to pay Class Members their overtime wages a the required double time rate for hours worked in excess of 12 hours a day and in excess of eight hours on the seventh day of a workweek;

c.  Whether Defendants violated Labor Code Section 512 by not providing Class Members with compliant meal periods;

d.  Whether Defendants violated Labor Code Section 512 by not authorizing and permitting Class Members to take compliant rest periods;

e.  Whether Defendants violated Labor Code Section 226.7 by not paying Class Members additional pay for shifts when Class Members did not receive compliant meal or rest periods;

f.  Whether Defendants violated Labor code section 226.2 by not paying Class members separately for rest and recovery periods with respect to work performed on a piece-rate basis, and by not properly calculating compensation for such rest and recovery periods;

g.  Whether Defendants violated Labor Code Section 226(a) by not providing Class Members with accurate wage statements;

h.  Whether Defendants are liable for penalties for failure to maintain the records required under Labor Code Sections 226 and 1174;

i.  Whether Defendants violated Labor Code Sections 201 or 202 by not paying Class Members all wages due upon termination in a timely manner;

j.  Whether Class Members who are no longer working for Defendants are entitled to waiting time penalties under Labor Code Section 203;

-15-
SECOND AMENDED CLASS ACTION COMPLAINT

k.   Whether Defendants' conduct constituted unfair competition or an unlawful business practice under Business and Professions Code Section 17200, *et seq.*

l.   Whether injunctive relief is appropriate to ensure Defendants' compliance with the Labor Code with respect to members of the Class currently working for Defendants;

m.   Whether Class Members are entitled to attorneys' fees;

n.   Whether Class Members are entitled to pre-judgment interest;

o.   Whether Class Members are entitled to restitution; and

p.   Whether the fact each Class Member might be required to ultimately justify an individual claim does or does not preclude maintenance of a class action.  *See Collins v. Rocha* (1972) 7 Cal.2d 232.

47.   **Typicality:** The claims of Plaintiffs are typical of the claims of all members of the Class they seek to represent because all members of the Class sustained injuries and damages arising out of Defendants' policies, practices, and common course of conduct in violation of law, and the injuries and damages of all members of the Class were caused by Defendants' wrongful conduct in said violation of law, as alleged herein.

48.   **Adequacy:** Plaintiffs Frank J. Fodera, Jr. and Michael M. Bonella:

a.   are adequate representatives of the Class they seek to represent;

b.   will fairly protect the interests of the members of the Class;

c.   have no interests antagonistic to the members of the Class; and

d.   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

## FIRST CAUSE OF ACTION

### For Failure to Pay Minimum Wage

### (Against All Defendants)

49.   Plaintiffs incorporate by reference and realleges as if fully stated herein all the allegations set out above in the preceding paragraphs.

50.   At all relevant times, Plaintiffs and other Class Members were employees covered by Labor Code section 1194 and the applicable Industrial Wage Order.

51.   Pursuant to Labor Code Section 1194 and the applicable Industrial Wage Order, Plaintiffs and Class Members were entitled to minimum wage for all hours worked.

52.   Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable Class Period, Defendants failed to pay Plaintiffs and Class Members their earned wages for all hours worked in accordance with Labor Code Section 1194 and the applicable Industrial Wage Order.  For example, Defendants regularly required Plaintiffs and Class Members to work off the clock.

53.   As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent that they were not paid for all hours worked.

54.   California law does not allow an employer to avoid paying its employees for all hours worked by averaging total compensation over total hours worked.  *See, e.g.*, *Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36, 40-41 (2013); *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 324 (2005).

55.   Pursuant to Labor Code Section 1194, Plaintiffs and Class Members are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorneys' fees and costs of suit.

56.   Pursuant to Labor Code Section 1194.2, Plaintiffs and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### For Failure to Pay Overtime Wages

### (Against All Defendants)

57.   Plaintiffs incorporate by reference and realleges as if fully stated herein all the allegations set out above in the preceding paragraphs.

58.    At all relevant times, Plaintiffs and the other Class Members were employees covered by Labor Code Sections 510, 1194 and the applicable Industrial Wage Order.

59.    Pursuant to Labor Code Sections 510, 1194 and the applicable Industrial Wage Order, Plaintiffs and the other Class Members were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday, in excess of forty hours in one workweek, or during the first eight hours worked on the seventh day of one workweek, and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday or in excess of eight hours worked on the seventh day of one workweek.

60.    Defendant failed to pay Plaintiffs and the other Class Members for all overtime worked in accordance with Labor Code Sections 510, 1194 and the applicable Industrial Wage Order. Plaintiffs are informed and believes and thereon allege that at all relevant times within the applicable class period, Defendants maintained and continue to maintain a policy or practice of requiring Plaintiffs and other Class Members to perform various duties off the clock without compensating them for all their hours actually worked, including time in excess of eight hours in a day, in excess of forty hours in a workweek, and/or time worked on the seventh day of work in one workweek.

61.    Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable class period, Defendants maintained and continue to maintain a policy or practice of undercalculating Plaintiffs' and Class Members' regular rate of pay, including by failing to include all earned nondiscretionary bonuses in Plaintiff's and Class Members' regular rate of pay.

62.    California law does not allow an employer to avoid paying its employees for all hours worked by averaging total compensation over total hours worked.  *See, e.g.*, *Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36, 40-41 (2013); *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 324 (2005).

63.     As a result of Defendants' unlawful conduct, Plaintiffs and other Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid for all overtime wages earned.

64.     Pursuant to Labor Code Section 1194, Plaintiffs and other Class Members are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### For Failure to Provide Meal Periods

### (Against All Defendants)

65.     Plaintiffs incorporate by reference and realleges as if fully stated herein all the allegations set out above in the preceding paragraphs.

66.     At all relevant times, Plaintiffs and Class Members were employees covered by Labor Code Sections 226.7 and 512, and the applicable Industrial Wage Order.

67.     Labor Code §§ 226.7 and 512 and the applicable Industrial Wage Order provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

68.     Labor Code § 226.7 and the applicable Industrial Wage Order provide that if an employer fails to provide an employee with a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work that the meal period is not provided.

69.     During the Class Period, Defendants have routinely failed to provide the Class Members, including Plaintiffs, with compliant meal periods prior to the end of the employees' fifth hour of work, and have failed to compensate Class Members, including Plaintiffs, for those non-compliant meal periods, as required by California Labor Code § 226.7 and other applicable sections of the Employment Laws and Regulations.

70.     No Class Members, including Plaintiffs, are exempt from the meal period requirements of the Employment Laws and Regulations.

71.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay for meal period violations.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Rest Periods

### (Against All Defendants)

72.     Plaintiffs incorporate by reference and realleges as if fully stated herein all the allegations set out above in the preceding paragraphs.

73.     At all relevant times, Plaintiffs and Class Members were employees covered by Labor Code Sections 226.7 and 512, and the applicable Industrial Wage Order.

74.     Labor Code Sections 226.7 and 512 and the applicable Industrial Wage Order provide that employers shall authorize and permit employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work or major fraction thereof.

75.     Labor Code Section 226.7 and the applicable Industrial Wage Order further provide that if an employer fails to provide an employee rest periods in accordance with this law, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

76.     During the Class Period, Defendants have routinely failed to authorize and permit the Class Members, including Plaintiffs, to take rest periods during their work shifts, and have failed to compensate Class Members, including Plaintiffs, for those non-compliant rest periods, as required by California Labor Code Section 226.7 and other applicable sections of the Employment Laws and Regulations.

77.     No Class Members, including Plaintiffs, are exempt from the rest period requirements of the Employment Laws and Regulations.

78.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay for rest period violations.

**FIFTH CAUSE OF ACTION**

**For Failure to Pay for Rest and Recovery Periods**

**(Against All Defendants)**

79.     Plaintiffs incorporate by reference and realleges as if fully stated herein all the allegations set out above in the preceding paragraphs.

80.     At all relevant times, Plaintiffs and Class Members were employees covered by Labor Code Section 226.2 and the applicable Industrial Wage Order.

81.     Labor Code Section 226.2 provides that employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

82.     Labor Code Section 226.2 further provides that employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) an average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods, or (ii) the applicable minimum wage.

83.     Plaintiffs are informed and believes and thereon allege that at all relevant times within the applicable Class Period, Defendants failed to pay Plaintiffs and Class Members for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

84.     Plaintiffs are further informed and believes and thereon allege that at all relevant times within the applicable Class Period, Defendants failed to properly calculate the regular hourly rate of compensation for rest and recovery periods and other nonproductive time.

85.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent that they were not paid all compensation owed for rest and recovery periods and other nonproductive time separate from any piece-rate compensation

86.     Pursuant to Labor Code Section 1194, Plaintiffs and Class Members are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorneys' fees and costs of suit.

87.     Pursuant to Labor Code Section 1194.2, Plaintiffs and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SIXTH CAUSE OF ACTION

### Failure to Furnish Accurate Wage Statements

### (Against All Defendants)

88.     Plaintiffs incorporate by reference and realleges as if fully stated herein all the allegations set out above in the preceding paragraphs.

89.     At all relevant times, Plaintiffs and other Class Members were employees of Defendants covered by Labor Code Section 226.

90.     California Labor Code Section 226(a) provides that:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

91.     Further, the relevant wage orders of the Industrial Welfare Commission applicable to Plaintiffs' and Class Members' employment with Defendants require employers to maintain

accurate information regarding, among other items, "[t]ime records showing when the employee begins and ends each work period.  Meal periods, split shift intervals and total daily hours worked shall also be recorded.  Meal periods during which operations cease and authorized rest periods need not be recorded."

92.    At all material times set forth herein, Defendants either recklessly or intentionally failed to make, keep and preserve true, accurate records of, among other things, the actual number of hours worked each workday and workweek by Plaintiffs and Class Members, when Plaintiffs and Class Members took required meal and rest periods, meal and rest period premiums that were owed to Plaintiffs and Class Members, and the number of piece-rate units earned and any applicable piece rate.

93.    As a result of Defendants' unlawful conduct, Plaintiffs and Class Members are each entitled to recover from Defendants the greater of their actual monetary damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee, at a rate of $50 per pay period with incomplete or inaccurate wage statement, and an award of costs and reasonable attorneys' fees pursuant to California Labor Code section 226(e).

## SEVENTH CAUSE OF ACTION

### Failure to Pay Wages Earned At Termination Or Discharge [Labor Code §§ 201, 202]

### (Against All Defendants)

94.    Plaintiffs incorporate by reference and realleges as if fully stated herein all the allegations set out above in the preceding paragraphs.

95.    At all relevant times, Bonella and Class Members who quit, were discharged, or terminated (collectively referred to as "Terminated" or "Termination") from employment with Defendants are and were covered by Labor Code sections 201 and/or 202.

96.    Pursuant to Labor Code sections 201 and 202, Bonella and Class Members were entitled to receive, upon termination, all wages earned and unpaid at the time of termination.  If an employee is discharged, all wages earned and unpaid are due and payable immediately upon

discharge.  If an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

97.    Defendants failed to pay Bonella and other Terminated Class Members all wages earned and unpaid at the time of Termination timely in accordance with Labor Code sections 201 and 202.  Their earned and unpaid wages at the time of Termination include, but are not limited to, hours worked off the clock, hours worked overtime, additional pay for missed or non-compliant meal and rest periods, unpaid piece-rate compensation due, unpaid compensation for rest and recovery periods and other nonproductive time separate from any piece-rate compensation due Terminated Class Members, and unpaid bonuses.

98.    Defendants' failure to pay Bonella and other Terminated Class Members all wages earned prior to Termination in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by employees prior to termination in accordance with Labor Code sections 201 and 202, but intentionally followed a practice or adopted a policy that violated Labor Code sections 201 and 202.

99.    Pursuant to Labor Code sections 201 and 202, Bonella and other Terminated Class Members are entitled to all wages earned prior to Termination that Defendants failed to pay them.

100.   California Labor Code section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201 and 202, any wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

101.   Therefore, Bonella and other Terminated Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid, at their regular rate of pay – not to exceed 30 days – pursuant to California Labor Code section 203.

102.   Pursuant to Labor Code sections 218 and 218.5, Bonella and other Terminated Class Members are entitled to recover their unpaid wages, waiting time penalties under Labor Code

section 203, reasonable attorneys' fees and costs of suit.  Pursuant to Labor Code section 218.6 and/or Civil Code section 3287(a), Terminated Class Members are entitled to recover prejudgment interest.

## EIGHTH CAUSE OF ACTION

### Unfair Competition [Bus. & Prof. Code §§ 17200, *et seq.*]

### (Against All Defendants)

103.   Plaintiffs incorporate by reference and realleges as if fully stated herein all the allegations set out above in the preceding paragraphs.

104.   Defendants are "persons" as that term is defined under Business & Professions Code section 17021.  Business & Professions Code section 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

105.   Defendants' violation of the Employment Laws and Regulations as alleged in this Complaint, including Defendants' (a) failure to provide complaint meal periods or authorize and permit compliant rest periods; and (b) failure to pay all earned wages upon termination, constitute unfair business practices in violation of Business & Professions Code §§ 17200 *et seq.*

106.   As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Class Members, and to the detriment of members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore them to Plaintiffs and other Class Members.  Pursuant to Business & Professions Code section 17203, Plaintiffs and other Class Members are entitled to restitution of the wages and other monies withheld, deducted, and/or retained by Defendants during a period that commences four years prior to the filing of this action.

107.   Pursuant to Business & Professions Code section 17203, Defendants' unfair business practices entitle Plaintiffs to seek preliminary and permanent injunctive relief including, but not limited to, orders that Defendants account for, disgorge, and restore to Plaintiffs and other Class Members all compensation unlawfully withheld from them.

108.   Plaintiffs and other Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all Class Members, prays for judgment in his favor and against Defendants as follows:

a.)   CLASS CERTIFICATION

    i.   An order that the action be certified as a class action;

    ii.   An order that Plaintiffs be certified as the representatives of the Class;

    iii.   An order that counsel for Plaintiffs be confirmed as Class Counsel;

b)   ON THE FIRST CAUSE OF ACTION

    i.   Damages for unpaid minimum wages according to proof;

    ii.   Liquidated damages;

    iii.   Prejudgment interest;

    iv.   Reasonable attorney's fees;

    v.   Costs of suit;

    vi.   Such other relief as the Court deems just and proper;

d)   ON THE SECOND CAUSE OF ACTION

    i.   Damages for unpaid overtime wages according to proof;

    ii.   Prejudgment interest;

    iii.   Reasonable attorneys' fees;

    iv.   Costs of suit; and

    v.   Such other relief as the Court deems just and proper;

e)   ON THE THIRD CAUSE OF ACTION

    i.   Damages for unpaid additional pay owed for missed or noncompliant meal periods in an amount according to proof;

ii.    Prejudgment interest;

iii.   Costs of suit; and

iv.   Such other relief as the Court deems just and proper;

f)    ON THE FOURTH CAUSE OF ACTION

i.    Damages for unpaid additional pay owed for missed or noncompliant rest periods in an amount according to proof;

ii.    Prejudgment interest;

iii.   Costs of suit; and

iv.   Such other relief as the Court deems just and proper;

g)    ON THE FIFTH CAUSE OF ACTION

i.    Damages for unpaid compensation owed for rest and recovery periods and other nonproductive time pursuant to Labor Code Section 226.2;

ii.    Liquidated damages;

iii.   Prejudgment interest;

iv.   Reasonable attorney's fees;

v.    Costs of suit;

vi.   Such other relief as the Court deems just and proper;

h)    ON THE SIXTH CAUSE OF ACTION

i.    Damages or penalties for not providing accurate wage statements in an amount according to proof;

ii.    An order requiring Defendants to comply with Labor Code Section 226(a);

iii.   Reasonable attorney's fees;

iv.   Costs of suit; and

v.    Such other relief as the Court deems just and proper.

i)    ON THE SEVENTH CAUSE OF ACTION

i.    Damages for unpaid wages earned prior to termination of employment in an amount according to proof;

        ii.      Waiting time penalties for failing to pay all earned wages timely upon termination of employment in an amount according to proof;

        iii.     Prejudgment interest;

        iv.     Reasonable attorney's fees;

        v.      Costs of suit; and

        vi.     Such other relief as the Court deems just and proper.

    k)    ON THE EIGHTH CAUSE OF ACTION

        i.      Restitution of all unpaid wages and other monies owed and belonging to Class Members that Defendants unlawfully withheld from them and retained for themselves in an amount according to proof;

        ii.     Prejudgment interest;

        iii.     Reasonable attorney's fees;

        iv.     Costs of suit; and

        v.     Such other relief as the Court deems just and proper.

Dated:  May 8, 2020                 **MAKAREM & ASSOCIATES,** APLC

                              By:  */s/ Samuel D. Almon*
                                  SAMUEL D. ALMON
                                  Attorneys for Plaintiffs FRANK J. FODERA, JR. and MICHAEL M. BONELLA, individually and on behalf of all others similarly situated

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand trial by jury of all causes of action.

3

4

Dated:  May 8, 2020

**MAKAREM & ASSOCIATES, APLC**

5

6

7

By: */s/ Samuel D. Almon*

8

SAMUEL D. ALMON
Attorneys for Plaintiffs FRANK J.

9

FODERA, JR. and MICHAEL M.
BONELLA, individually and on behalf of
all others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT