Mia Farber (SBN 131467)
mia.farber@jacksonlewis.com
Nima Darouian (SBN 271367)
nima.darouian@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:   (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FODERA, JR. and MICHAEL M. BONELLA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUINOX HOLDINGS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: **3:19-cv-05072-WHO**<br><br>*[Assigned to the Honorable William H. Orrick]*<br><br>**DEFENDANT EQUINOX HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:     July 8, 2020<br>Hearing Time:     2:00 p.m.<br>Courtroom:        2<br><br>SAC Filed:         May 8, 2020<br>Trial Date:        February 7, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 8, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, before the Honorable William H. Orrick, located at Courtroom 2 – 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Equinox Holdings, Inc. ("Equinox") will, and hereby does, move to dismiss the Sixth Claim for Failure to Furnish Accurate Wage

Statements of the Second Amended Complaint filed on May 8, 2020 by Plaintiffs Frank J. Fodera, Jr. and Michael M. Bonella (collectively "Plaintiffs").  (Doc. No. 24)  Plaintiffs' Sixth Claim should be dismissed because Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically, Plaintiffs' Sixth Claim is wholly derivative of Plaintiffs' First through Fifth Claims, and California Labor Code section 226 does not permit Plaintiffs to obtain "double recovery" over the same wage and hour claims.  Further, Plaintiffs' Sixth Claim relies on boilerplate and conclusory allegations and fails to state a plausible claim under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: May 22, 2020                              JACKSON LEWIS P.C.


                                                 By:  /s/ Nima Darouian
                                                      Mia Farber
                                                      Nima Darouian

                                                 Attorneys for Defendant
                                                 EQUINOX HOLDINGS, INC.

1

## **STATEMENT OF ISSUES TO BE DECIDED**

2
3

1. Whether Plaintiffs' Sixth Claim for Failure to Furnish Accurate Wage Statements fails to state a claim upon which relief can be granted?

3

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 8

II.    BACKGROUND .................................................................................................. 8

III.   LEGAL STANDARD............................................................................................ 9

IV.    PLAINTIFFS' SECTION 226 CLAIM SHOULD BE DISMISSED.................................. 10

    1.     Plaintiffs Are Not Entitled to Double Recovery ......................................... 10

    2.     Plaintiffs' Conclusory Allegations Are Insufficient ................................... 14

V.     CONCLUSION.................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Angeles v. US Airways, Inc.,*
  No. C 12-05860 CRB, 2013 U.S. Dist. LEXIS 22423 (N.D. Cal. Feb. 19, 2013)...................... 15

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009).................................................................................................. 10, 14

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1990) ...................................................................................... 9

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)............................................................................................ 9, 10, 14

*Byrd v. Masonite Corp.,*
  No. EDCV 16-35 JGB (KKx), 2016 U.S. Dist. LEXIS 23435, at *9 (C.D. Cal.
  Feb. 25, 2016) ............................................................................................................ 15

*Caudle v. Sprint/United Mgmt. Co.,*
  No. C 17-06874 WHA, 2019 U.S. Dist. LEXIS 109932 (N.D. Cal. June 28,
  2019) ........................................................................................................................... 13

*De La Torre v. Am. Red Cross,*
  No. CV 13-04302 DDP, 2013 U.S. Dist. LEXIS 146462 (C.D. Cal. Oct. 9, 2013) ................... 15

*Johnson v. Serenity Transp., Inc.,*
  141 F. Supp. 3d 974 (N.D. Cal. 2015) ........................................................................ 15

*Jones v. Spherion Staffing LLC,*
  No. LA CV11-06462 ................................................................................................... 14

*Krauss v. Wal-Mart, Inc.,*
  No. 2:19-cv-00838-JAM-DB, 2019 U.S. Dist. LEXIS 201748 (E.D. Cal. Nov.
  19, 2019) ................................................................................................................ 12, 16

*Mireles v. Dunbar Armored Inc.*
  (C.D. Cal. December 17, 2013, No. 2:13-cv-05671-JAK-PJW) ................................. 14

*Morales v. Paschen Mgmt. Corp.,*
  No. CV 19-2505-MWF, 2019 U.S. Dist. LEXIS 208588 (C.D. Cal. Sep. 27,
  2019) ........................................................................................................................... 12

*Moss v. United States Secret Serv.,*
  572 F.3d 962 (9th Cir. 2009) ....................................................................................... 9

*Parsittie v. Schneider Logistics, Inc.*,
  No. CV 19-3981-MWF, 2019 U.S. Dist. LEXIS 228823 (C.D. Cal. Oct. 29,
  2019) ............................................................................................................................... 12

*Pedroza v. PetSmart, Inc.*,
  No. ED CV 11-298 GHK, 2012 U.S. Dist. LEXIS 189530 (C.D. Cal. June 14,
  2012) ............................................................................................................................... 15

*Pyara v. Sysco Corp.*,
  No. 2:15-cv-01208-JAM-KJN, 2016 U.S. Dist. LEXIS 94892 (E.D. Cal. July 19,
  2016) ............................................................................................................................... 14

*Sherman v. Schneider Nat'l Carriers, Inc.*,
  No. CV 18-08609-AB, 2019 U.S. Dist. LEXIS 153034 (C.D. Cal. Mar. 6, 2019) .............. 13, 14

*In re Stac Elecs. Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) .......................................................................................... 9

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ........................................................................................ 10

*Vikram v. First Student Mgmt., LLC*,
  No. 17-cv-04656-KAW, 2019 U.S. Dist. LEXIS 37130 (N.D. Cal. Mar. 7, 2019).................... 13

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) .......................................................................................... 9

*Willner v. Manpower Inc.*,
  35 F. Supp. 3d 1116 (N.D. Cal. 2014) ............................................................................ 14

*Woods v. Vector Mktg. Corp.*,
  No. C-14-0264 EMC, 2015 U.S. Dist. LEXIS 118678 (N.D. Cal. Sep. 4, 2015)...................... 15

*Woods v. Vector Mktg. Corp.*,
  No. C14-0264 EMC, 2015 U.S. Dist. LEXIS 67303 (N.D. Cal. May 22, 2015)...................... 15

**California Cases**

*Maldonado v. Epsilon Plastics, Inc.*,
  22 Cal.App.5th 1308 (2018) ................................................................... 11, 12, 13, 14

*Soto v. Motel 6 Operating, L.P.*,
  4 Cal.App.5th 385 (2016) ............................................................................................... 11

**California Statutes**

California Labor Code
  § 226.......................................................................... 8, 9, 10, 11, 12, 13, 14, 15
  § 226(e) ........................................................................................................................ 15
  § 226.7.......................................................................................................................... 14

**Other Authorities**

Rule 8 ..................................................................................................................................... 10

Rule 12(b)(6) ............................................................................................................................. 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Plaintiffs Frank J. Fodera, Jr. ("Fodera") and Michael M. Bonella ("Bonella") (collectively, and on behalf of the putative class, "Plaintiffs") do not allege sufficient facts in their Second Amended Complaint ("SAC") against Defendant Equinox Holdings, Inc. ("Equinox") to support their Sixth Claim for Failure to Furnish Accurate Wage Statements.

Specifically, Plaintiffs do not set forth any factual allegations demonstrating they suffered an injury due to any knowing and intentional failure by Equinox to furnish accurate wage statements containing the information required by California Labor Code section 226 ("Section 226").  Instead, Plaintiffs' Sixth Claim is entirely derivative of their First through Fifth Claims, and boils down to the theory that Plaintiffs are entitled to "double recovery" under Section 226 so long as they allege claims in their SAC that they worked off-the-clock and experienced meal and rest break violations.  However, the California Court of Appeal, as well as various district courts in the Ninth Circuit, have held that such double recovery is improper.  Thus, Equinox respectfully requests the Court dismiss Plaintiff's Sixth Claim for Failure to Furnish Accurate Wage Statements with prejudice.

## II.  BACKGROUND

On April 3, 2019, Plaintiffs filed a putative wage and hour class action in Alameda County Superior Court against Equinox.  (Doc. No. 1-3)  Plaintiffs then filed a First Amended Complaint ("FAC") before the Alameda County Superior Court on July 16, 2019, and served Equinox with the summons and FAC two days later.  (Doc. Nos. 1-3, 1-4)

On August 16, 2019, Equinox removed this case to the Court.  (Doc. No. 1)  On August 23, 2019, Equinox filed its Motion to Dismiss Plaintiffs' FAC. (Doc. No. 9)  The parties then conferred regarding Plaintiffs' FAC, and Plaintiffs represented they were agreeable to filing an SAC in lieu of engaging in motion practice concerning Plaintiffs' FAC.  (Doc. No. 16)  Based on Plaintiffs' representation, Equinox withdrew its Motion to Dismiss Plaintiffs' FAC.  (*Id.*)

The parties conferred extensively over several months regarding Plaintiffs' claim for Failure to Furnish Accurate Wage Statements under Section 226.  (Doc. No. 25)  However, the parties were unable to reach an agreement as to whether Plaintiffs failed to state a claim upon which relief can be

1  granted.  (*Id.*) On May 8, 2020, Plaintiffs moved forward with filing a SAC that included Plaintiffs'

2  Sixth Claim for Failure to Furnish Accurate Wage Statements.  (Doc. No. 24)

3       In their SAC, Plaintiffs concede that their Sixth Claim is derivative of their other wage and

4  hour claims.  *See* SAC, ¶ 38 ("*As a result of these violations*, Defendants also failed to provide

5  complete and accurate wage statements[.]") (emphasis added).  Plaintiffs further allege that Equinox

6  "recklessly or intentionally failed to make, keep and preserve true, accurate records of, among other

7  things, the actual number of hours worked each workday and workweek by Plaintiffs and Class

8  Members, when Plaintiffs and Class Members took required meal and rest periods, meal and rest

9  period premiums that were owed to Plaintiffs and Class Members, and the number of piece-rate units

10  earned and any applicable piece rate."  *Id.* at ¶ 92.

11       Thus, Plaintiffs' claim for Failure to Furnish Accurate Wage Statements is based on the theory

12  that Plaintiffs' off-the-clock and meal/rest break claims create a wage statement injury justifying a

13  separate claim under Section 226.  However, Section 226 does not allow for double recovery over the

14  same wage and hour claims, and Equinox therefore moves to dismiss Plaintiffs' Sixth Claim.

15  **III.**  **LEGAL STANDARD**

16       A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the

17  complaint and should be granted where there is either a "lack of a cognizable legal theory" or "the

18  absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police*

19  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

20       To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must

21  contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of

22  action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Moss v. United States Secret*

23  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[B]are assertions . . . amounting to nothing more than a

24  'formulaic recitation of the elements'" of a claim "are not entitled to an assumption of truth") (quoting

25  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).  In this regard, courts may not "assume the truth of legal

26  conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*,

27  643 F.2d 618, 624 (9th Cir. 1981); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir.

28  1996) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

dismiss for failure to state a claim.").  Further, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678. It further asks whether the pleading's "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, such that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "While the Court recognizes that Rule 8 does not require Plaintiffs to plead every minute detail of their claims in the [complaint], Plaintiffs must, at minimum, assert allegations sufficient to demonstrate a plausible claim, not merely a possible one." *Shann*, 182 F. Supp. 3d at 1049.

## IV.   PLAINTIFFS' SECTION 226 CLAIM SHOULD BE DISMISSED

Plaintiffs' Sixth Claim for Failure to Furnish Accurate Wages should be dismissed because Plaintiffs are not entitled to double recovery under Section 226, nor do their conclusory allegations in support of their claim suffice under the pleading standards set forth in *Twombly* and *Iqbal*.

### 1.   Plaintiffs Are Not Entitled to Double Recovery

Plaintiffs do not allege that Equinox's wage statements failed to include the nine categories of information that must be included in a wage statement per Section 226.  *See* Cal. Lab. Code § 226;[1] *see also* SAC, ¶¶ 1-108.  As set forth in Section 226, it is only if an employee suffers injury by an employer's knowing and intentional failure to provide such information that they are entitled to recover damages as prescribed in the statute and reasonable attorney's fees.  *Id.*  There is no such injury here; indeed, Plaintiffs do not allege *any* facts alleging they suffered an injury as a result of a knowing and intentional failure by Equinox to comply with Section 226(a).  *See* SAC, ¶¶ 38, 92.

---

[1] These categories include the following: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of their social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  *See* Cal. Lab. Code § 226.

Rather, Plaintiffs' Sixth Claim for Failure to Furnish Accurate Wages is wholly derivative of their off-the-clock claims, as well as their meal period, rest period, and rest and recovery period claims, and it is precisely this type of double recovery that has routinely been rejected by courts in California and the Ninth Circuit.

"The purpose of section 226 is to '*document* the *paid wages* to ensure the employee is fully informed regarding the calculation of *those wages*.'"   *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal.App.5th 1308, 1337 (2018) (emphasis in original); *see also Soto v. Motel 6 Operating, L.P.*, 4 Cal.App.5th 385, 392-393 (2016) ("'The purpose of requiring greater wage stub information is to insure that employees are adequately informed of *compensation received* and are not shortchanged by their employers'… Consistent with this purpose, an employer is required to identify only those statutory items that are part of the employee's current monetary compensation.") (emphasis in original; internal citations omitted).

In *Maldonado*, the plaintiff employees worked on an alternative workweek schedule ("AWS") under which they were paid for 10 hours at the regular rate of pay and two hours of overtime.  *Id.* at 1308.  The plaintiffs sought penalties for inaccurate wage statements on the grounds that while the applicable hourly rate was included on their pay stubs, the corresponding number of hours worked at each hourly rate "was not because, in hindsight, the employees legally worked eight hours at the regular time rate and four hours at the overtime rate (for each 12-hour shift), but the paystub indicated they worked 10 hours at the regular rate and two hours at the overtime rate."  *Id.* at 1336.  However, the defendant employer took the "commonsense position" that the pay stubs were accurate in that they correctly reflected the hours worked and the pay received.  *Id.*  The defendant employer argued that if plaintiffs' argument (essentially on all fours with the allegations Plaintiffs advance here) were taken to its logical conclusion, "the only way it could have avoided wage statement penalties while operating under the 10/2 AWS it believed was legitimate would have been to issue a wage statement which bore no similarity to the pay the employees were actually receiving."  *Id.*  **The Court of Appeal found that "[a]s it is illogical to think this is what the Legislature intended, plaintiffs' counterargument boils down to the proposition that *any* failure to pay overtime at the appropriate rate *also* generates a wage statement injury justifying the imposition of wage**

1    **statement penalties—an apparent unintentional double recovery.**" *Id.* (emphasis added).  Thus,

2    the Court of Appeal in *Maldonado* held that the defendant employer had the "better argument," and

3    pointed to the statutory language and legislative intent of Section 226.  *Id.* at 1336-7.  The court

4    acknowledged that the fact the 10/2 AWS ultimately turned out to be invalid "mandates that the

5    employees receive unpaid overtime, interest, and attorney fees," but it "does not mandate that they

6    also receive penalties for the wage statements which accurately reflected their compensation under

7    the rates at which they had worked at the time."  *Id.* at 1337.  Accordingly, the Court of Appeal

8    remanded to the trial court with directions to "eliminate the award for wage statement penalties."  *Id.*

9    at 1339.

10       Since *Maldonado*, several district courts in the Ninth Circuit have applied the California Court

11    of Appeal's reasoning in concluding that Section 226 does not provide for double recovery.   In

12    *Parsittie v. Schneider Logistics, Inc.*, No. CV 19-3981-MWF (AFMx), 2019 U.S. Dist. LEXIS

13    228823 (C.D. Cal. Oct. 29, 2019), for example, the defendants sought to dismiss the plaintiff's wage

14    statement claim in part because the plaintiff "does not allege that the wage statements were inaccurate

15    as to the wages actually paid ***to him***."  *Id.* at *19 (emphasis in original).  The Central District agreed

16    that the plaintiff's claim was premised on the defendants' alleged failures to pay for off-the-clock

17    work or missing meal or rest breaks, and that even if the plaintiff had stated a claim under these

18    theories, "recovery under this claim would be impermissible because California Labor Code section

19    226 is not intended to permit a 'double recovery' such as Plaintiff seeks here."  *Id.* at *20.  The district

20    court relied on *Maldonado* and held that the plaintiff's claim "is based on theories that are entirely

21    duplicative of Plaintiff's previous causes of action, which is impermissible."  *Id.*  Thus, the district

22    court concluded that the plaintiff failed to state a wage statement claim because the plaintiff "does

23    not allege any additional facts in support of this claim besides those for his First through Third Claims

24    for Relief[.]"  *Id.* at *20-21; *see also Morales v. Paschen Mgmt. Corp.,* No. CV 19-2505-MWF

25    (GJSx), 2019 U.S. Dist. LEXIS 208588, at *29 (C.D. Cal. Sep. 27, 2019) ("California Labor Code

26    section 226 is not intended to permit a 'double recovery' like Plaintiff seeks here.  Plaintiff's claim is

27    based on Defendants' alleged deduction of time for meal breaks Plaintiff did not actually receive,

28    which is entirely duplicative of Plaintiff's previous causes of action.")); *Krauss v. Wal-Mart, Inc.*, No.

1  2:19-cv-00838-JAM-DB, 2019 U.S. Dist. LEXIS 201748, at *10 (E.D. Cal. Nov. 19, 2019)

2  (dismissing plaintiff's itemized wage statement claim because it was "'derivative of her alleged wage

3  and hour claims[.]").

4       Likewise, in *Sherman v. Schneider Nat'l Carriers, Inc.*, No. CV 18-08609-AB (JCx), 2019

5  U.S. Dist. LEXIS 153034 (C.D. Cal. Mar. 6, 2019), the plaintiff alleged that the wage statements the

6  defendant provided violation Section 226 "because they did not show the correct number of hours

7  worked or wages earned because they omitted unpaid time employees spent on the job during their

8  meal and rest breaks when they were allegedly required to be on call." *Id.* at *15.  Not only did the

9  district court conclude this claim failed because it was "wholly derivative" of claims that the plaintiff

10 had failed to sufficiently allege, the court also cited *Maldonado* in concluding that the wage statement

11 claim failed for the separate and independent reason that the plaintiff had "alleged only that the

12 amount he was paid was incorrect, not that the wage statements inaccurately reflected the wages he

13 was paid.  In fact, Plaintiff's opposition implicitly concedes that the wage statements accurately stated

14 the wages actually paid. Accordingly, the wage statements do not violate § 226(a) even if the amount

15 paid was incorrect." *Id.*  Thus, because the wage statements accurately stated the wages the defendant

16 **actually paid** to the plaintiff, the district court dismissed the plaintiff's inaccurate wage statements

17 claim with prejudice.  *Id.* at *16.

18      Courts in this District have similarly reasoned that Section 226 does not countenance the type

19 of double recovery Plaintiffs seek here.  *See, e.g., Caudle v. Sprint/United Mgmt. Co.*, No. C 17-

20 06874 WHA, 2019 U.S. Dist. LEXIS 109932, at *8 (N.D. Cal. June 28, 2019) (reasoning, in

21 preliminary approval of class settlement, that "[t]here is a substantial risk that plaintiffs' wage-

22 statement penalties would be denied because the wage statements contained an accurate accounting

23 of wages actually paid to each employee, even assuming that the employees were unlawfully

24 underpaid."); *Vikram v. First Student Mgmt., LLC*, No. 17-cv-04656-KAW, 2019 U.S. Dist. LEXIS

25 37130, at *17-18 (N.D. Cal. Mar. 7, 2019) ("there is a substantial risk of no recovery" on the plaintiff's

26 wage statement penalty claims "because the *Maldonado* court found that the failure to pay overtime

27 was not a sufficient injury; otherwise, 'the proposition that any failure to pay overtime at the

28

1   appropriate rate also generates a wage statement injury justifying the imposition of wage statement

2   penalties [will lead to] an apparent unintentional double recovery.'").

3        Of course, even before the Court of Appeal's 2018 decision in *Maldonado*, district courts had

4   concluded that Section 226 does not provide for a double recovery.  In *Jones v. Spherion Staffing*

5   *LLC*, No. LA CV11-06462 JAK (JCx), 2012 U.S. Dist. LEXIS 112396 (C.D. Cal. Aug. 7, 2012), the

6   Central District noted that "'legislative history shows that the purpose of Section 226 was for

7   transparency, not for double recovery,'" and concluded that if meal or rest period violations under

8   California Labor Code section 226.7 could form the basis for claims under Section 226, it would

9   "result in an improper, multiple recovery by the employee." *Id.* at *22.  Similarly, in *Pyara v. Sysco*

10  *Corp.*, No. 2:15-cv-01208-JAM-KJN, 2016 U.S. Dist. LEXIS 94892 (E.D. Cal. July 19, 2016), the

11  plaintiff brought a Section 226 claim based on alleged meal and rest period violations, and the Eastern

12  District held that "permitting a plaintiff to use violations of meal and rest period regulations to form

13  the basis of a CLC section 226 claim 'would result in an improper multiple recovery by the

14  employee.'" *Id.* at *21-22; *see also Mireles v. Dunbar Armored Inc.* (C.D. Cal. December 17, 2013,

15  No. 2:13-cv-05671-JAK-PJW) (citing *Jones*).

16       Accordingly, because Plaintiffs are not entitled to the double recovery they seek under Section

17  226, Equinox respectfully requests that the Court dismiss their Sixth Claim with prejudice.  *See e.g.*

18  *Sherman,* 2019 U.S. Dist. LEXIS 153034, at *16 (dismissing claim with prejudice because

19  amendment was futile).

20              **2.      Plaintiffs' Conclusory Allegations Are Insufficient**

21       Plaintiffs' Sixth Claim for Failure to Furnish Accurate Wage Statements should be dismissed

22  for the separate and independent reason that Plaintiffs fail to state a plausible claim under *Twombly*

23  and *Iqbal*.  For a viable wage statement claim, Plaintiffs must allege facts showing "(1) a violation of

24  Section 226(a); (2) that is 'knowing and intentional'; and (3) a resulting injury."  *See Willner v.*

25  *Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014); *see also* Cal. Labor Code § 226.  Here,

26  however, Plaintiffs **still** fail to establish each of these three prongs, even though Equinox previously

27  raised these arguments in its Motion to Dismiss Plaintiffs' FAC. (Doc. No. 9)

28

Specifically, Plaintiffs do not "identify a single deficient wage statement[.]" *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx), 2016 U.S. Dist. LEXIS 23435, at *9 (C.D. Cal. Feb. 25, 2016); *see also* SAC, ¶¶ 88-93. Indeed, Plaintiffs do not set forth <u>any</u> factual allegations that a specific wage statement omitted one of the nine categories of information to be included in a wage statement. *Id.*

Further, while Plaintiffs baldly claim that Equinox's purported failure to furnish accurate wage statements was reckless or intentional, they offer no factual basis for this conclusion. As an initial matter, California law is clear that penalties can only be recovered under California Labor Code section 226(e) "for knowing, intentional, and willful violations, not mere recklessness." *Pedroza v. PetSmart, Inc.*, No. ED CV 11-298 GHK (DTBx), 2012 U.S. Dist. LEXIS 189530, at *19-20 (C.D. Cal. June 14, 2012). Moreover, that standard can only be met "where the Defendant has no 'good faith' argument that wages were not owed (*i.e.*, a violation is only willful where the Defendant cannot raise any defense to payment in good faith." *Woods v. Vector Mktg. Corp.*, No. C-14-0264 EMC, 2015 U.S. Dist. LEXIS 118678, at *26 n.8 (N.D. Cal. Sep. 4, 2015); *see also Woods v. Vector Mktg. Corp.*, No. C14-0264 EMC, 2015 U.S. Dist. LEXIS 67303, at *7-8 (N.D. Cal. May 22, 2015) ("The 'good faith dispute' rule has been extended by courts to apply to California Labor Code Section 226 wage statement penalties[.]").

Finally, Plaintiffs fail to adequately plead an injury arising from Equinox's alleged failure to provide accurate wage statements. *See Johnson v. Serenity Transp., Inc.*, 141 F. Supp. 3d 974, 1004 (N.D. Cal. 2015) ("The mere fact that the information was missing from the wage statement is not a cognizable injury."); *see also Angeles v. US Airways, Inc.*, No. C 12-05860 CRB, 2013 U.S. Dist. LEXIS 22423, at *31 (N.D. Cal. Feb. 19, 2013) ("A plaintiff must adequately plead an injury arising from an employer's failure to provide full and accurate wage statements, and the omission of the required information alone is not sufficient."); *De La Torre v. Am. Red Cross*, No. CV 13-04302 DDP (JEMx), 2013 U.S. Dist. LEXIS 146462, at *15 (C.D. Cal. Oct. 9, 2013) (granting motion to dismiss with respect to plaintiff's Section 226 claim because "[plaintiff] has not alleged actual injury resulting from the inaccuracy on her wage statement as required by Section 226.").

Accordingly, Plaintiffs' claim for Failure to Furnish Accurate Wage Statements should be dismissed because Plaintiffs' "'formulaic recitation of the elements of [this] cause of action' is not

1   sufficient to adequately plead this claim." *Krauss*, 2019 U.S. Dist. LEXIS 201748, at *10.  Further,

2   Plaintiffs' claim should be dismissed with prejudice because Plaintiffs have had multiple

3   opportunities to amend this claim to provide further factual allegations, but have failed to do so.

4   **V.    CONCLUSION**

5          Based on the foregoing, Equinox respectfully requests that the Court dismiss, with prejudice,

6   Plaintiffs' Sixth Claim for Failure to Furnish Accurate Wage Statements in their SAC.

7

8   Dated: May 22, 2020                              JACKSON LEWIS P.C.

9
                                              By:  */s/ Nima Darouian*
10                                                Mia Farber
                                                  Nima Darouian
11
                                                  Attorneys for Defendant
12                                                EQUINOX HOLDINGS, INC.

4817-4276-1149, v. 1

Case No.:  3:19-cv-05072-WHO            16      DEFENDANT'S NOTICE OF MOTION
                                                AND MOTION TO DISMISS PLAINTIFFS'
                                                SAC; MEMO OF POINTS & AUTHORITIES