UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FODERA, JR., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EQUINOX HOLDINGS, INC., et al.,<br><br>  Defendants. | Case No. 19-cv-05072-WHO<br><br>**ORDER DENYING MOTION TO DISMISS THE SIXTH CAUSE OF ACTION IN THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 28 |

Plaintiffs Frank J. Fodera, Jr. and Michael M. Bonella filed this class action lawsuit against their employer Equinox Holdings, Inc. ("Equinox"), alleging violation of various California Labor Code sections and related claims. Equinox moves to dismiss the sixth cause of action for failure to furnish accurate wage statements pursuant to California Labor Code section 226(a) because it is insufficiently pleaded, derivative of the other causes of action, and will lead to double recovery. For the reasons set forth below, the motion is DENIED.[1]

**BACKGROUND**

Equinox owns and operates luxury health clubs throughout California. Second Amended Class Action Complaint ("SAC") [Dkt. No. 24] ¶ 17. It employs plaintiffs as non-exempt group fitness instructors and personal trainers. *Id.* ¶ 18. Plaintiffs allege that they "often worked more than 40 hours in a workweek and more than 8 hours in a workday." *Id.* ¶ 21.

Equinox's policies provided that plaintiffs were to be paid at an hourly rate for clocked-in time and on a piece-rate basis for completing certain tasks. *Id.* ¶¶ 22–23. It also regularly "permitted Plaintiffs and Class Members to perform a wide range of unpaid, off-the-clock work."

---

[1] Pursuant to Civil Local Rule 7-1(b), I found this motion appropriate for disposition without oral argument and vacated the hearing scheduled on July 8, 2020. Dkt. No. 33.

*Id.* ¶ 24. Off-the-clock tasks included "session related activities," such as "interacting with clients outside of personal training and group fitness sessions, creating calendars, and preparing client programs," as well as other work such as "manually scheduling work-related meetings, corresponding with supervisors, and contacting prospective customers." *Id.* ¶¶ 24–25 (internal quotation marks omitted).

Plaintiffs allege that Equinox neither paid them for time spent performing off-the-clock work nor counted those hours for purposes of calculating overtime. *Id.* ¶ 26. Instead, Equinox "discouraged and/or prohibited [them] from recording all time they worked preforming session related activities and other off-the-clock work." *Id.* ¶ 28. For example, Equinox's Personal Trainer Compensation Plan states that personal trainers "should spend no more than two to three (2-3) hours per week on session related activities" and that personal trainers "must speak with management if they feel they need to spend more than two to three hours per week on programming." *Id.* (internal quotation marks omitted).

But in practice, plaintiffs found that it was not possible to perform all of the programming that Equinox required within the allotted two to three hours per week—and that is without considering other so-called "session related activities," such as corresponding with clients. *Id.* Plaintiffs describe at least two occasions when they were told by a manger or supervisor not to record any time spent on session related activities. *Id.* Consequently, they allege that Equinox's records did not reflect all hours worked. *Id.*

Plaintiffs originally filed this class action in Alameda County Superior Court, on behalf of themselves and "all similarly situated current and former employees who worked for [Equinox] as non-exempt employees within the State of California within the four years preceding the filing of this lawsuit." *Id.* ¶ 16. They bring a total of eight causes of action for violations of: (i) California Labor Code section 1194 (failure to pay minimum wage); (ii) Labor Code sections 510 and 1194 (failure to pay overtime wages); (iii) Labor Code sections 226.7 and 512(a) (failure to provide meal periods); (iv) Labor Code section 226.7 (failure to provide rest periods); (v) Labor Code section 226.2 (failure to pay for rest and recovery periods); (vi) Labor Code section 226(a) (failure to furnish accurate wage statements); (vii) Labor Code sections 201 and 202 (failure to pay wages

1  earned at termination or discharge); and (viii) California Business and Professions Code section
2  17200 (Unfair Competition Law, "UCL").
3        In their sixth cause of action for violation of California Labor Code section 226(a), they
4  allege that Equinox either recklessly or intentionally failed to provide complete and accurate wage
5  statements. SAC ¶ 92. The deficiencies include, but are not limited to: "the actual number of
6  hours worked each workday and workweek by Plaintiffs and Class Members, when Plaintiffs and
7  Class Members took required meal and rest periods, meal and rest period premiums that were
8  owed to Plaintiffs and Class Members, and the number of piece-rate units earned and any
9  applicable piece rate." *Id.*; *see also id.* ¶ 38 (alleging their section 226(a) claim is derivative of
10 other wage and hour violations). As a result of this unlawful conduct, they allege that they are
11 entitled to damages or penalties. *Id.* ¶ 93.
12       After removing the case to this court, Equinox filed a motion to dismiss the sixth cause of
13 action. *See* Motion to Dismiss Plaintiffs' Second Amended Complaint ("MTD") [Dkt. No. 28].

**LEGAL STANDARD**

15       Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint
16 if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal
17 under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2)
18 fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729
19 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough
20 facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.
21 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court
22 to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft
23 v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer
24 possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened
25 fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above
26 the speculative level." *Twombly*, 550 U.S. at 555, 570.
27       In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
28 court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the

plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Factual allegations can be disregarded, however, if contradicted by the facts established by reference to documents attached as exhibits to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

### I.  THE WAGE STATEMENT CLAIM IS SUFFICIENTLY PLEADED

"To recover penalties under section 226(e), an employee must demonstrate three elements: (1) a failure to include in the wage statement one or more of the required items from section 226(a); (2) that failure was 'knowing and intentional'; and (3) a resulting injury." *Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587-YGR, 2015 WL 5072039, at *5 (N.D. Cal. Aug. 27, 2015).

For the first element, section 226(a) itemizes nine pieces of information which California employers must include in a wage statement. It provides that "[a]n employer . . . shall furnish to his or her employee . . . an accurate itemized statement in writing showing:

> (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions ..., (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Cal. Labor Code § 226(a).

To plead the second and third elements, a plaintiff must allege an injury due to the "knowing and intentional failure by an employer to comply with subdivision (a)." *Id.* § 226(e)(1). Section 226 was amended in 2013 to provide a presumption of injury when certain categories of information are omitted from a wage statement:

> An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
> (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

*Id.* § 226(e)(2)(B)(i) (emphasis added).[2] "In short, while the statute requires nine categories of information to be included in a wage statement, injury is only presumed if one of five specific categories is omitted, and, even then, only if a reasonable person would be unable to readily ascertain the missing information without reference to other documents or information." *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1335 (2018), *review denied* (Aug. 22, 2018).

Plaintiffs sufficiently state a claim under section 226(a) for failure to provide the total hours worked on the wage statements due to Equinox's policy and practice of discouraging plaintiffs and class members from recording certain tasks for which they were then not paid. SAC ¶ 28. They allege that the wage statements were deficient in showing "the actual number of hours worked each workday and workweek by Plaintiffs and Class Members, when Plaintiffs and Class Members took required meal and rest periods, meal and rest period premiums that were owed to Plaintiffs and Class Members, and the number of piece-rate units earned and any applicable piece rate." *Id.* ¶ 92.

Because they allege that information required by subdivision (e)(2)(B)(i) of section 226 was omitted from their wage statements, injury is presumed because they could not "promptly and

---

[2] It further explains that "[f]or purposes of this paragraph, 'promptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information." Cal. Labor Code § 226(e)(2)(C).

5

easily determine" that information "from the wage statement alone." *See* Cal. Lab. Code § 226(e)(2)(B)(i) (injury is presumed if one of five specific categories from subdivision (a) is omitted, including total hours worked under subdivision (a)(2) and number of hours worked at each hourly rate under subdivision (a)(9)); *Daugherty v. SolarCity Corp.*, No. C 16-05155 WHA, 2017 WL 386253, at *7 (N.D. Cal. Jan. 26, 2017) (acknowledging presumption of injury under section 226 based on 2013 amendments).[3]

They also plausibly plead that Equinox's wage statement violation was intentional by describing specific instances over several years in which managers or supervisors instructed named plaintiffs not to report their off-the-clock work. *Id.* ¶¶ 28, 38; *see Amey v. Cinemark USA Inc.*, No. 13-CV-05669-WHO, 2018 WL 3956326, at *6 (N.D. Cal. Aug. 17, 2018) ("If deficient wage statements were issued over several years to multiple employees, their issuance cannot be excused as inadvertence or mistake.").

The sixth cause of action for wage statement violations under section 226(a) is sufficiently pleaded.

## II.     DERIVATIVE LIABILITY THEORY AND DOUBLE RECOVERY

Relying on the California Court of Appeal's decision in *Maldonado*, Equinox argues that even if plaintiffs' section 226 claim is sufficiently pleaded, it is "wholly derivative of their off-the-clock claims, as well as their meal period, rest period, and rest and recovery period claims" and therefore would lead to impressible "double recovery." MTD 11.

Following bench trial in *Maldonado*, the Los Angeles County Superior Court awarded damages for unpaid overtime and penalties for inaccurate wage statements. The Court of Appeals reversed, finding a "failure to pay overtime at the appropriate rate" does not also generate "a wage statement injury justifying the imposition of wage statement penalties," otherwise "an apparent

---

[3] Equinox relies on *Johnson v. Serenity Transportation, Inc.*, 141 F.Supp.3d 974, 1004 (N.D. Cal. 2015) to argue that missing information from a wage statement is not cognizable injury. MTD 15. However, *Johnson* is no longer good law because it relied on the authority that predated the 2013 amendments to section 226. Defense counsel in *Daugherty* were criticized for relying on *Johnson* without disclosing that it was no longer good law. 2017 WL 386253, at *7 n.4 ("*Johnson* post-dated the amendment to Section 226, but it applied the older standard when evaluating conduct that pre-dated the amendment. *Johnson* does not reflect the present state of the law.").

6

1   unintentional double recovery" would result.  22 Cal. App. 5th at 1336.

2         The court analyzed the statutory language of section 226, drawing a distinction between
3   the term "earned" and the term "worked."  *Id.*  Subdivisions (a)(1) and (5) require the employer to
4   provide information regarding the "gross wages earned" and "net wages earned," but "these two
5   categories are *excluded* from subdivision (e)(2)(B)(i)'s list of those categories whose omission
6   gives rise to a presumption of injury."  *Id.* (emphasis in original).  In contrast, subdivisions (a)(2)
7   and (9) refer to the "total hours worked," and "number of hours worked at each hourly rate."  *Id.*
8   "These categories are included in subdivision (e)(2)(B)(i)—if they are excluded from the wage
9   statement, injury must be presumed."  *Id.*  Accordingly, the court found that this shows "[t]here is
10  [] clearly a significance to the Legislature's decision that injury is not presumed when a wage
11  statement fails to include wages 'earned' but is presumed when the wage statement fails to include
12  hours 'worked at' a particular rate."  *Id.*  Therefore, it concluded, "only the absence of the *hours
13  worked* will give rise to an inference of injury; the absence of accurate *wages earned* will be
14  remedied by the violated wage and hour law itself."  *Id.* at 1337 (emphasis in original).

15        Plaintiffs in *Maldonado* argued that the wage statements did not properly indicate the ninth
16  and tenth hours they worked as overtime, a claim that the court found can be remedied by the
17  violated wage and hour law addressing unpaid overtime.  *Id.* at 1334.  Specifically, "there was no
18  suggestion that the wage statements were inaccurate due to time clock rounding or the fact that the
19  meal period was simply included in 12 hours of paid work, rather than separately itemized."  *Id.* at
20  1334 n.14.

21        The allegations here are different from the facts in *Maldonado*.  Here, plaintiffs allege that
22  the wage statements do not reflect *all hours that they worked*.  SAC ¶ 28.  This is precisely the
23  type of section 226 claim that *Maldonado* court approved of because it does not run into the
24  problem of double recovery; rather, it would be entitled to an inference of injury pursuant to
25  subdivision (e)(2)(B)(i).  *See Kastler v. Oh My Green, Inc.*, No. 19-CV-02411-HSG, 2019 WL
26  5536198, at *9 (N.D. Cal. Oct. 25, 2019) (finding defendant's double recovery argument based on
27  *Maldonado* unconvincing and concluding plaintiff sufficiently alleged a section 226 claim for
28  failure to provide the total hours worked on wage statements due to the automatic deduction

policy); *Castillo v. Bank of Am. Nat'l Ass'n*, No. SA CV 17-0580, 2019 WL 7166055, at *8 (C.D. Cal. Oct. 29, 2019) (distinguishing *Maldonado* and rejecting defendant's argument that the wage statement claim based on unpaid wages violation fails as a matter of law).

Equinox also argues that plaintiffs' section 226 claim is "wholly derivative" of other claims. That is not sufficient grounds for dismissal at this point. Courts in this District have repeatedly found that section 226 claims are adequately pleaded even if they are derivative of other wage and hour claims. *See, e.g.*, *Johnson v. Q.E.D. Envtl. Sys. Inc.*, No. 16-CV-01454-WHO, 2016 WL 4658963, at *4 n.1 (N.D. Cal. Sept. 7, 2016) ("Because Johnson sufficiently alleges his first two claims for missed meal and rest breaks and failure to pay overtime, and Johnson's third claim for failure to provide accurate written wages is derivative of his first two claims, QED's motion to dismiss the third claim is DENIED."); *Suarez v. Bank of Am. Corp.*, No. 18-CV-01202-MEJ, 2018 WL 3659302, at *13 (N.D. Cal. Aug. 2, 2018) (denying motion to dismiss plaintiff's wage statement claim that was based on underlying claims for missing meal and rest period and unrecorded overtime). The adequacy of plaintiffs' other causes of action are not challenged here.

Equinox cites to several post-*Maldonado* decisions within the Ninth Circuit in support of its derivative liability argument. *See* MTD 12–13. The two referenced cases from this District are inapposite. Both were decided on motions for preliminary approval of class settlement, not a motion to dismiss. *See Caudle v. Sprint/United Mgmt. Co.*, No. C 17-06874 WHA, 2019 WL 2716291 (N.D. Cal. Jun. 28, 2019); *Vikram v. First Student Mgmt., LLC*, No. 17-CV-04656-KAW, 2019 WL 1084169 (N.D. Cal. Mar. 7, 2019). And in both cases, the court found that there was "a substantial risk" plaintiffs' wage statement penalties would be denied and therefore credited defendants' good faith defenses in approving the class settlement amount. *See Caudle*, 2019 WL 2716291, at *8; *Vikram*, 2019 WL 1084169, at *17–18.

As plaintiffs correctly point out, those courts did not dismiss the wage statement claims; instead they certified a class that brought overtime and unlawful deductions claims, along with wage statement claims characterized as "derivative". *See Caudle*, 2019 WL 2716291, at *1; *Vikram*, 2019 WL 1084169, at *5. Contrary to Equinox's interpretation, these cases do not

suggest that dismissal of derivate wage statement claims is appropriate at the pleadings stage.

As discussed above, plaintiffs' section 226 claim is sufficiently pleaded and, at this stage, can proceed even if it is derivative of other wage and hour claims. It does not run into the problem of double recovery discussed in *Maldonado*.

## CONCLUSION

For the foregoing reasons, Equinox's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: July 13, 2020

William H. Orrick
United States District Judge