UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FODERA, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUINOX HOLDINGS, INC., et al., <br><br> Defendants. | Case No. 19-cv-05072-WHO <br><br> **ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES** <br><br> Re: Dkt. No. 39 |

## INTRODUCTION

As I have written before, "[m]otions to strike affirmative defenses seldom simplify litigation, and this one is no exception." *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1176 (N.D. Cal. 2019). Plaintiffs' motion pursuant to Rule 12(f) to strike all affirmative defenses that defendant Equinox has asserted in its Amended Answer ("AA") is equally meritless. The hearing set for January 6, 2021 is VACATED.

Equinox has alleged sufficient facts to support its affirmative defenses. They are not form recitations of standard defenses but contain specific facts and law to put plaintiffs on notice as to the basic substance of the defenses claimed. Rule 8 does not require extensive factual allegations to sustain an affirmative defense. *See Finjan, Inc. v. Bitdefender Inc.*, Case No. 17-CV-04790-HSG, 2018 WL 1811979, at *3 (N.D. Cal. Apr. 18, 2018). Further, while some of the affirmative defenses may prove to be duplicative, or are arguably not actual affirmative defenses, their assertion "does not add complexity to this action and will not require [plaintiffs] to incur additional time or expend additional money to defend this action." *Free Speech Sys.*, 390 F. Supp. 3d at 1176. The issues raised by these defenses will need to be litigated or resolved in the action regardless and it makes sense to wait and see how the evidence and facts in this case develop

before dismissing them. As explained in greater detail below, plaintiffs' motion to strike is DENIED.

## BACKGROUND

A detailed factual background relating to this action is outlined in my July 13, 2020 Order denying Equinox's motion to dismiss. *See* Dkt. No. 28 at 1 – 3. In brief, in this putative class action plaintiffs Frank J. Fodera, Jr. and Michael M. Bonella, who are fitness instructors and trainers, bring various claims against their employer Equinox Holdings, Inc. ("Equinox"), which owns and operates luxury health clubs in California, for alleged violations of the California Labor Code, including laws related to paying minimum wage, overtime, providing meal and rest breaks, and providing accurate wage statements. *See* Dkt. No. 24 ("SAC").

Plaintiffs filed their Second Amended Complaint ("SAC") in this case on May 8, 2020. *See* SAC. Equinox subsequently moved to dismiss one cause of action in the SAC and I denied the motion. *See* Dkt. Nos. 28, 34. Then Equinox filed its Answer to the SAC. *See* Dkt. No. 35. Plaintiffs responded by moving to strike all twenty affirmative defenses asserted in the original Answer. Dkt. No. 35. They withdrew that motion, explaining that the parties had agreed that Equinox could file an amended answer in lieu of the parties litigating the motion to strike. Dkt. No. 37. Plaintiffs consented to Equinox filing an amended answer on the condition that Equinox would not assert any new affirmative defenses. Dkt. No. 39-1 ¶¶ 6-7.

Equinox filed the AA on November 2, 2020, which asserts thirteen affirmative defenses. *See* Dkt. No. 38 ("AA"). Plaintiffs' new motion to strike asserts that all thirteen defenses fail to meet the pleading standard under Rule 8 and *Twombly*/*Iqbal* because they are too conclusory and do not allege sufficient facts. Dkt. No. 39 ("Mot.") at 2. They further allege that some defenses should be struck as duplicative or because they are not proper affirmative defenses. *Id.* And they argue that part of Equinox's eleventh defense was not asserted in the original Answer and should be struck because plaintiffs' consent to Equinox filing the AA was conditioned on Equinox not adding any new affirmative defenses. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an

2

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike under Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues before trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (citation omitted). Motions to strike "are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D Cal. 2004).

In addition, courts often require some showing of prejudice by the moving party before granting a motion to strike. *Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at 5* (N.D. Cal. Oct. 25, 2013). In resolving a motion to strike, the pleadings must be viewed in the light most favorable to the nonmoving party. *Platte Anchor Bolt*, 352 F. Supp. 2d at 1057. "Any doubt concerning the import of the allegations to be stricken weights in favor of denying the motion to strike." *Park v. Welch Foods, Inc.*, No. 5:12-CV-06449-PSG, 2014 WL 1231035, at *1 (N.D. Cal. Mar. 20, 2014).

**DISCUSSION**

I will briefly address each affirmative defense to explain why I will not strike it.

First Affirmative Defense – Statute of Limitations

Equinox's first affirmative defense asserts several statutes of limitations as a complete or partial defense to plaintiffs' claims, including California Code of Civil Procedure § 338(a) (as to any claim to recover wages), § 340(a) (as to any claim to recover penalties ) and § 343 (as to any relief not otherwise provided for, as well as California Labor Code §§ 203 and 226, and California Bus. & Prof. Code § 17208. AA at 15. Equinox asserts that to the extent the SAC asserts claims based on violations outside the applicable statutes of limitations, those claims are barred. *Id.* Plaintiffs move to strike this affirmative defense arguing that it is insufficient because it "should identify which statute applies to which counts of the SAC, explain why each statute applies,

3

including 'enough factual matter (taken as true) to suggest' that the statute of limitations applies . . . [a]mong other things, it should include the dates relevant to the defense as to each claim, factual matter showing the significance of those dates, and facts allowing the 'plausible' inference that Plaintiff's claims are actually time-barred." Mot. at 7.  Plaintiffs also argue that Equinox cannot possibly succeed on its statute of limitations defense because it has admitted that plaintiff Fodera was still employed by Equinox at the time he filed this action. *Id.*  Neither of these arguments are persuasive.

Equinox has identified the specific statutes of limitations that it asserts are applicable to plaintiffs' claims and has explained that these statutes of limitations may bar plaintiffs' claims to the extent plaintiffs are relying on violations outside the statutory periods.  It has provided sufficient detail to put plaintiffs on notice as to the substance of the defense it is asserting. Plaintiffs have not identified any authority supporting their claim that Equinox must allege the specific details they recite in their motion.  Further, that plaintiff Fodera was still employed by Equinox at the time he filed suit does not mean that Equinox cannot partly succeed on its statute of limitations defense, as certain violations may still fall outside the statute of limitations period.  In a wage and hour case, determining when a claim accrued is a typical matter for discovery and later litigation.

### A.     Second Affirmative Defense – Comparative Fault and/or Negligence

Equinox's second affirmative defense asserts that plaintiffs' claims are barred, in whole or in part, by plaintiffs' failures to follow Equinox's policies regarding wages, meal and rest breaks, and timekeeping as set forth in Equinox's employee handbook and standard operating procedures. AA at 15-16.  Plaintiffs argue that this is insufficient because it does not identify which class members allegedly breached Equinox's policies, nor provide specific dates or examples of such violations. Mot. at 8. I disagree.  Equinox's allegations are sufficient to put plaintiffs on notice of the substance of its defense.  Equinox is not required to allege exhaustive facts, such as the specific class members to whom this defense may apply, to plead an affirmative defense.

### B.     Third Affirmative Defense – Voluntary Waiver of Meal and Rest Periods

In its third affirmative defense Equinox asserts that plaintiffs' claims are barred, in whole

4

or in part, because Equinox's employee handbook and standard operating procedures ensure that employees are entitled to the meal and rest breaks required under California law, so any failure to take these breaks was the result of voluntary waiver. AA at 16. Plaintiffs argue that this affirmative defense is inadequate because Equinox has not alleged any facts that would permit a plausible inference that it actually provided meal or rest breaks. Mot. at 8. I disagree. Equinox has alleged that its employee handbook and standard operating procedures set forth policies that entitle employees to California compliant meal and rest breaks. This affirmative defense is plausible on its face and not deficient.

### C. Fourth Affirmative Defense – No Willful Conduct / Good Faith Dispute

In its fourth affirmative defense, Equinox asserts that it acted in good faith and believed that its labor policies, including its employee handbook and standard operating procedures, complied with California law. AA at 16-17. Plaintiffs argue that this defense is insufficient and that Equinox has not alleged any facts that would allow a reasonable inference that it in fact acted in good faith. Mot. at 8-9. However, Equinox has alleged that it set forth policies in its employee handbook and standard operating procedures that it believed were adequate to ensure compliance with California law. This is sufficient to put plaintiffs on notice as to the nature of the defense and permits a plausible inference that Equinox acted in good faith.

### D. Fifth Affirmative Defense – Setoff, Offset, Recoupment

Equinox's fifth affirmative defense asserts the right to offset or setoff money or benefits that plaintiffs were overpaid or that plaintiffs improperly received directly from third parties when the money should have been paid to Equinox in violation of Equinox's policies, including Equinox's conflict of interest policy. AA at 17. Plaintiffs assert that this defense does not allege sufficient facts. However, Equinox has specifically alleged that it is entitled to setoff payments made directly to plaintiffs in violation of Equinox's conflict of interest policy as well as overpaid wages. This is sufficient to put plaintiffs on notice as to the basic substance of Equinox's defense.

### E. Sixth Affirmative Defense – Irreparable Harm

Equinox's sixth affirmative defense asserts that plaintiffs are not entitled to equitable relief because they have not alleged that they have suffered any irreparable harm. AA at 17-18.

Plaintiffs assert that Equinox has not alleged sufficient facts to support this defense. Mot. at 9. On its face, this legal issue on which plaintiffs bear the burden of proof rests on plaintiffs' alleged failure to allege any irreparable harm as a result of Equinox's actions. The relevant facts are those alleged in the SAC. This is not an affirmative defense per se, but it is an issue that needs to be resolved in the case and there is no harm in alleging it.

### F.   Seventh Affirmative Defense – Avoidable Consequences

Equinox's seventh affirmative defense asserts that plaintiffs' claims are barred to the extent plaintiffs failed to use Equinox's designated "preventative and corrective measures" such as Equinox's reporting policies set out in its employee handbook, to avoid or report California Labor Code violations. AA at 18. Plaintiffs argue that this defense does not allege sufficient facts and fails because an employee must be paid for all time during which the employer "knew or should have known the employee was working on its behalf." Mot. at 10. I disagree. Equinox's allegations, which specifically call out the policies in its employee handbook, are sufficient to put plaintiffs on notice as to the nature of the defense. Further, the claim does not fail as a matter of law because it is not clear to what extent Equinox "knew or should have known" when employees were working. Indeed, Equinox's policies for reporting off-the-clock work or code violations may bear on what Equinox "should have known." This is a factual issue not suitable for resolution on the pleadings.

### G.   Eighth Affirmative Defense – Wage Statements – No Knowing and Intentional Failure

Equinox's eighth affirmative defense asserts that Equinox did not knowingly or intentionally fail to provide accurate wage statements because it had a good faith belief that it's policies, including its employee handbook and standard operating procedures, were in compliance with California law and because it was not aware that employees were engaging in off-the-clock work. AA at 18. Plaintiffs assert that this defense is insufficient to support Equinox's assertion that it acted in good faith. Mot. at 10. Equinox's allegations that it maintained a formal employee handbook and standard operating procedures that it believed were compliant with California law, and that it was not aware of employees engaging in off-the-clock work, are adequate to support a

reasonable inference that Equinox acted in good faith. While plaintiffs may be correct that this defense is not a true affirmative defense, it does not appear that striking it will do anything to simplify or streamline this action, nor will leaving it in the action prejudice plaintiffs in any way.

### H. Ninth Affirmative Defense – Adequate Remedy at Law

Equinox's ninth affirmative defense asserts that plaintiffs are not entitled to equitable relief because they have an adequate remedy at law. Plaintiffs argue that this defense is insufficient because it does not allege any facts, while Equinox asserts that this defense is an adequate response to plaintiffs' allegations, which do not allege any facts to support equitable relief. This is another legal issue that did not need to be labelled as an affirmative defense but which inevitably will be litigated later in the case. The relevant facts, for purposes of this issue, are those alleged in the SAC.

### I. Tenth Affirmative Defense - No Jury Trial for Unfair Competition Claim

Equinox's tenth affirmative defense asserts that plaintiffs are not entitled to a jury trial on their claim under Cal. Bus. & Prof. Code § 17200. AA at 19. Plaintiffs argue that Equinox has failed to allege any facts and that this is not a proper affirmative defense and is instead simply a statement about a procedural matter. Mot. at 11. I agree that this is not an affirmative defense, but it is a legal issue that will need to be resolved and striking it would do nothing to narrow or simplify this case.

### J. Eleventh Affirmative Defense – Safe Harbor

Equinox's eleventh affirmative defense asserts safe harbor protection under California Labor Code § 226.2 and under the UCL's "unfair" prong for any conduct that was authorized or approved at the time Equinox engaged in it. AA at 19-20. Plaintiffs argue that Equinox's invocation of Labor Code § 226.2 should be struck because it was not asserted as a defense in Equinox's original Answer and plaintiffs only consented to allowing Equinox to amend on the condition that it would not add any new defenses. Mot. at 12. It further argues that Equinox's safe harbor defense under the UCL is not adequately alleged because it does not identify any policy or business practice to which it applies. *Id.* at 12-13.

While I agree with plaintiffs that Equinox's safe harbor defense under § 226.2 goes beyond

7

the scope of the safe harbor defense asserted in the original Answer, the Ninth Circuit follows a liberal amendment standard and courts are instructed to freely grant leave to amend pleadings when justice so requires. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality.") (internal quotations omitted). Plaintiffs do not contend that Equinox's safe harbor defense under section 226.2 should be struck on the merits and the case is still in the relatively early stages of litigation. I accordingly conclude that Equinox should be permitted to amend its affirmative defenses to include this additional safe harbor defense.

Equinox's safe harbor theory under the UCL provides sufficient details regarding its legal theory. Equinox asserts that any conduct it engaged in that was lawful at the time cannot sustain an "unfair" claim under the UCL. AA at 20. While it has not identified specific policies that it contends fall into this category, this defense is sufficiently detailed to put plaintiffs on notice as to the nature of the defense – Equinox is claiming safe harbor under the UCL for any policies or practices that are no longer permitted, but were lawful at the time they took place.

**K.  Twelfth Affirmative Defense – Waiver, Estoppel, Consent, Laches**

Equinox's twelfth affirmative defense asserts that plaintiffs' claims are barred in whole or in part due to the equitable doctrines of waiver, estoppel, consent, and laches. AA at 20. Equinox asserts that (1) its employee handbook and standard policies established that employees are entitled to compliant meal and rest breaks and that workers who did not take these breaks voluntarily waived or consented to waive them; (2) that equitable estoppel applies because plaintiffs and/or class members made misrepresentations to Equinox regarding the work they performed, the hours they worked, and/or violated Equinox's policies for example by taking money that should have been paid to Equinox or doing work for other businesses while on the clock; and (3) laches applies because the specific violations that plaintiffs allege occurred in 2017, but plaintiffs waited until 2019 to file this lawsuit. *Id.* at 20-21. Plaintiffs argue that Equinox has failed to allege sufficient facts, that its waiver/consent defense is duplicative, and that "consent" is not a defense to violations of the Labor Code. Mot. at 13-14.

8

Equinox has alleged sufficient facts to put plaintiffs on notice of the nature of this defense. Indeed, this appears to be Equinox's most detailed affirmative defense. It has laid out specific details explaining how each of these equitable doctrines allegedly apply to this case. Further, while the waiver/consent defense may turn out to be duplicative, striking it will not narrow or simplify the issues in this case. And while consent may not be a defense to all Labor Code violations, "[u]nder some circumstances, employees may waive their meal break or agree to an 'on duty' meal period." *See Shaw v. AMN Healthcare, Inc.*, 326 F.R.D. 247, 270 (N.D. Cal. 2018) (*citing* Cal. Labor Code section 512). Accordingly, Equinox's consent defense, based on plaintiffs allegedly consenting to waive breaks, is plausible.

### L. Thirteenth Affirmative Defense – Award of Excessive Fines Is Unconstitutional

Equinox's thirteenth affirmative defense asserts that the damages or compound penalties sought in plaintiffs' SAC violate the Due Process and Excessive Fines Clause of the United States and California Constitutions. AA at 21. Plaintiffs assert that this claim fails because it does not allege any facts. This is a purely legal issue that will need to be litigated later once the damages claims are better defined. The damages and penalties asserted in the SAC are the relevant facts and Equinox's allegations are sufficient to put plaintiffs on notice at to the nature of its defense.

### CONCLUSION

For the reasons set forth above, plaintiffs' motion to strike is DENIED. As I said at the outset, there was no substantive benefit to be gained from this motion. In the event that plaintiffs' counsel eventually seek attorney's fees in this case, they should explicitly exclude from their lodestar (and indicate that they did so in the fees motion) any time spent in researching, filing or briefing this motion.

**IT IS SO ORDERED.**

Dated: January 4, 2021



William H. Orrick
United States District Judge