UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FODERA, JR., et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>EQUINOX HOLDINGS, INC., et al.,<br><br>   Defendants. | Case No. 19-cv-05072-WHO<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 46 |

**INTRODUCTION**

This is a putative employment class action brought by plaintiffs Frank J. Fodera, Jr. and Michael M. Bonella against defendant Equinox Holdings, Inc. ("Equinox") alleging violations of various California wage and hour laws on behalf of proposed classes of personal trainers and group fitness instructors. Plaintiffs Bonella and Fodera move for leave to amend to file a Third Amended Complaint ("TAC") in order to add a new proposed class of pilates instructors, a proposed class of membership advisors, spa therapists, and estheticians, and a proposed class of all non-exempt employees who received meal period and/or rest period premium pay. They also seek leave to add additional allegations regarding Equinox's alleged failure to provide accurate wage statements. Equinox opposes the motion.

I conclude that Fodera and Bonella do not have standing to represent proposed Classes C and D and their motion to amend to add these classes is DENIED. It is GRANTED with respect to all other proposed amendments. Because I believe plaintiffs may be able to resolve the standing issue with proposed Classes C and D, either by identifying new named plaintiffs to represent these classes or by revising the class definitions so that Fodera and Bonella are members of all classes they seek to represent, plaintiffs' motion to add Classes C and D is DENIED WITHOUT PREJUDICE.

# BACKGROUND

## I. FACTUAL BACKGROUND AND OPERATIVE COMPLAINT

Plaintiffs first filed this action on April 3, 2019 in Alameda Superior Court. *See* Dkt. No. 1. They filed a First Amended Complaint on July 16, 2019. Equinox subsequently removed the action to federal court. *Id.* Plaintiffs filed the operative complaint in this action, the Second Amended Complaint ("SAC"), on May 8, 2020. Dkt. No. 24 ("SAC"). In the SAC, plaintiffs assert eight claims against Equinox: (1) failure to pay minimum wage; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to pay for rest and recovery periods; (6) failure to furnish accurate wage statements; (7) failure to pay wages earned at termination under Labor Code §§ 201, 202; and (8) unfair competition under Bus. & Prof. Code §§ 17200. SAC ¶¶ 49-108. They bring each of these eight claims on behalf of the following two putative classes in the SAC:

> All current and former non-exempt employees employed by any Defendant in California as personal trainers, or in any other similar capacity, at any time during the four-year period preceding the filing of this action through the present.
>
> All current and former non-exempt employees employed by any Defendant in California as group fitness instructors, or in any other similar capacity, at any time during the four-year period preceding the filing of this action through the present.

SAC ¶ 41.

## II. PLAINTIFFS DISCOVER FACTUAL BASIS FOR AMENDMENT

Plaintiffs' counsel in this action also represent the plaintiffs in a related state court action, *Porter, et al. v. Equinox Holdings, Inc.*, Alameda Superior Court Case No. RG19009052, involving similar alleged wage and hour violations by Equinox. Dkt. No. 46-1 ("Almon Decl.") ¶ 5. In December 2020, Equinox produced a large number of documents in the *Porter* action, including compensation plans and sample wage statements for all of Equinox's non-exempt positions. *Id.* ¶¶ 5-6. In January 2021, plaintiffs' counsel deposed Equinox's Person Most Knowledgeable ("PMK") regarding Equinox's California wage statements for non-exempt employees, and the job duties and compensation structure of personal trainers, group fitness instructors, and pilates instructors. *Id.* ¶ 8. Plaintiffs' counsel represent that they determined they

2

had a factual basis to make the amendments proposed in the TAC after reviewing the documents Equinox produced in December 2020 and after completing the PMK deposition in January. Almon Decl. ¶¶ 5-11. Plaintiffs filed their motion for leave to amend on February 3, 2021, one week after the PMK deposition. Dkt. No. 46 ("Mot.").

### III.  THE PRESENT MOTION

In their motion, plaintiffs seek leave to add three proposed classes. Plaintiffs describe these classes as follows:

> Class C: All current and former non-exempt employees employed by any Defendant in California as a pilates instructor, or in any other similar capacity, at any time during the four-year period preceding the filing of this action through the present
>
> Class D: All current and former non-exempt employees employed by Defendants as a membership advisor or as a spa therapist/esthetician, or any similar positions, however titled, in California who worked overtime and received any non-discretionary, non-hourly compensation, including without limitation commissions, piece rate pay, or bonus pay, in the same work week at any time during the four-year period preceding the filing of this action through the present.
>
> Class E: All current and former non-exempt employees employed by any Defendant in California in a non-exempt position and who received meal period and/or rest period premium pay at any time during the four year periods preceding the filing of this action through the present.

TAC ¶ 41. Plaintiffs seek to bring all eight of their claims on behalf of Class C and their sixth claim, regarding inaccurate wage statements, on behalf of Classes D and E. Plaintiffs also seek leave to add additional factual allegations in support of their inaccurate wage statement claim. TAC ¶ 93.

Equinox opposes plaintiffs' motion on multiple grounds including: (1) plaintiffs lack standing to represent proposed Classes C and D; (2) Class E is futile because receiving premium pay is not a freestanding violation of the California Labor Code; (3) portions of plaintiffs' proposed additions are futile due to res judicata or the first-to-file rule; (4) plaintiffs were not diligent in seeking leave; and (5) amendment would be unduly prejudicial to Equinox. Dkt No. 48 ("Opp.") at 7. Equinox also seeks a ruling that, if amendment is granted, the amendments will not relate back to the filing of the original complaint. *Id.* at 17-18.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once within: (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* A court "should freely give leave when justice so requires." *Id.* "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387.

**DISCUSSION**

Equinox argues that amendment is not appropriate because (1) the proposed amendments are futile; (2) plaintiffs did not diligently seek leave to amend; and (3) amendment would unduly prejudice Equinox. As discussed in detail below, I agree with Equinox that plaintiffs' proposed amendments, as written, are futile with regard to Classes C and D because plaintiffs lack standing to represent these classes. However, I disagree that the proposed amendments are futile for the other reasons Equinox raises. Further, I conclude that plaintiffs were reasonably diligent in seeking leave to amend and that amendment would not unduly prejudice Equinox. For these reasons, plaintiffs' motion to amend is denied with respect to Classes C and D and granted in all other respects. Because I believe that plaintiffs may be able to represent the individuals included in Classes C and D if they revised their proposed class definitions, or if they identify a named plaintiff who is a member of these classes, plaintiffs' motion is denied as to Classes C and D without prejudice.

4

## I. FUTILITY

### A. Standing To Represent Proposed Classes C & D

Equinox argues that plaintiffs lack standing to represent Classes C and D because they are not members of those classes and therefore do not have the same interests and have not suffered the same injury as the proposed class members. Opp. at 11-12. I agree. The motion for leave to add these classes is DENIED WITHOUT PREJUDICE. If plaintiffs wish to add Classes C and D, they should either find appropriate representatives with standing to bring claims on behalf of the proposed classes or they should revise their proposed class definitions so that at least one named plaintiff is a member of every class they seek to represent.

In the operative SAC, plaintiffs seek to represent two classes defined as follows:

> [Class A:] All current and former non-exempt employees employed by any Defendant in California as personal trainers, or in any other similar capacity, at any time during the four-year period preceding the filing of this action through the present.
>
> [Class B:] All current and former non-exempt employees employed by any Defendant in California as group fitness instructors, or in any other similar capacity, at any time during the four-year period preceding the filing of this action through the present.

Dkt. No. 24 ("SAC") ¶ 41. In their proposed TAC, plaintiffs have named the two above classes "Class A" and "Class B" respectively and also seek to add proposed Classes C, D, and E. Plaintiffs describe Classes C and D as follows:

> Class C: All current and former non-exempt employees employed by any Defendant in California as a pilates instructor, or in any other similar capacity, at any time during the four-year period preceding the filing of this action through the present
>
> Class D: All current and former non-exempt employees employed by Defendants as a membership advisor or as a spa therapist/esthetician, or any similar positions, however titled, in California who worked overtime and received any non-discretionary, non-hourly compensation, including without limitation commissions, piece rate pay, or bonus pay, in the same work week at any time during the four-year period preceding the filing of this action through the present.

TAC ¶ 41.

"[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982). While the issue of whether a class representative meets these requirements is often

1  addressed at the class certification stage as part of the Rule 23 adequacy and typicality analysis, it
2  can also be relevant to standing. "At least one *named* plaintiff must satisfy the actual injury
3  component of standing in order to seek relief on behalf of himself or the class." *Casey v. Lewis*, 4
4  F.3d 1516, 1519 (9th Cir. 1993). "[W]here it is clear from the pleadings that class representatives
5  lack standing to assert class claims, courts in this District routinely dismisses [sic] those claims at
6  the pleadings stage." *Fenerjian v. Nongshim Co., Ltd.*, 72 F. Supp. 3d 1058, 1083-84 (N.D. Cal.
7  2014). Courts have dismissed claims at the pleading stage where plaintiff improperly seek to
8  bring claims under laws that are not applicable to them or on behalf of classes to which they do
9  not belong. *See id.* (plaintiffs lacked standing to assert claims under state laws in which they did
10 not reside); *In re Ditropan XL Antitrust Litigation*, 529 F. Supp. 2d 1098 (N.D. Cal. 2007) (same);
11 *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009) (same); *De Los
12 Santos v. Panda Exp., Inc.*, 2010 WL 4971761, at *6 (N.D. Cal. Dec. 3, 2010) (plaintiffs lacked
13 standing to bring claims on behalf of putative class of job "applicants" where they did not meet
14 class definition).

15     The named plaintiffs do not appear to be members of either Class C or D and therefore, do
16 not have standing to bring claims on their behalf. In the proposed TAC plaintiffs allege that
17 Bonella is a former Equinox employee who worked as "a personal trainer and as a group fitness
18 instructor in California." TAC ¶ 7. They further allege that Fodera is currently employed by
19 Equinox "as a group fitness instructor in California" and was previously "employed by Defendants
20 as a personal trainer in California. *Id.* ¶ 8. Plaintiffs do not allege that they worked as pilates
21 instructors or as membership advisors, spa therapists, or estheticians. Accordingly, Fodera and
22 Bonella appear to be members of Classes A and B but not Classes C and D.

23     Plaintiffs present separate arguments that they can represent Classes C and D under the
24 proposed class definitions. None of these arguments is convincing.

### 1. Plaintiffs' Arguments Regarding Class C Fail

26     Plaintiffs first argue that they are members of Class C under a broad reading of the class
27 definition. However, plaintiffs' proposed reading is not plausible as it eliminates any distinction
28 between Classes A, B, and C, and therefore renders pointless their proposed amendment to add

Class C. In their reply brief, plaintiffs argue that they can represent Class C because the class includes not just pilates instructors, but employees who worked in a "similar capacity," which they argue can be read to include personal trainers and group fitness instructors, like them. Reply at 3. They further note that Classes A and B "likewise include not only Personal Trainers and Group Fitness Instructors, but also others employed in a 'similar capacity.' Thus, as alleged at all times, the Pilates Instructor, Personal Trainer, and Group Fitness Instructor positions are largely identical." *Id.* (citation omitted).

This argument makes little sense. Plaintiffs have made a choice to allege distinct classes for personal trainers, group fitness instructors, and pilates instructors. If Class C were truly interchangeable with Classes A and B, there would be no reason to bring it as a separate class or a need for plaintiffs to seek leave to add it. While the term "similar capacity" may create some wiggle room around the edges of the class definitions, at minimum it is clear that personal trainers are meant to be captured by Class A, group fitness instructors by Class B, and pilates instructors by Class C. Accordingly, I reject plaintiffs' suggestion to ignore the distinctions between these classes. I conclude that named plaintiffs Fodera and Bonella, who allegedly have worked, or are working, only as personal trainers and group fitness instructors, are not members of Class C.

Plaintiffs further argue that they can represent Class C because they "have the same interests and suffered the same alleged injuries as Pilates Instructors." Reply at 3. They assert that all putative members of Classes A, B, and C have suffered similar injuries including (1) not being paid for "off the clock" work, such as time spent creating exercise programs; (2) meal and rest break violations caused by forced back-to-back training sessions; and (3) derivative and stand-alone wage violations. *Id.*

Although Fodera and Bonella clearly share some interests with the proposed Class C putative class members, these similarities do not confer standing to bring claims on behalf of a class to which they do not belong. *De Los Santos*, 2010 WL 4971761, at *6 (dismissing disparate treatment claims based on failure to hire Non-Asian applicants because no plaintiffs were "applicants"); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1000 n. 7 (9th Cir. 2006) ("It is well settled that '[a]t least one named plaintiff must satisfy the actual injury component of

7

standing in order to seek relief on behalf of himself of the class.'") (quoting *Casey*, 4 F.3d at 1519). While it is possible that Fodera and Bonella could represent a merged class of personal trainers, group fitness instructors, and pilates instructors, plaintiffs have not proposed such a class. Instead, they have proposed three distinct classes for these three job positions and have defined them so that they are only members of two of them. No matter how similar the claims among these classes may be, plaintiffs do not have standing to represent a class they are not a part of.

Finally, plaintiffs argue that, to the extent I have concerns about their ability to represent Class C, I "may always appoint a different individual(s) to serve as the Pilates Instructor class representative at the time of class certification." Reply at 5. This argument ignores that standing is a threshold issue and that plaintiffs cannot proceed with claims that they lack standing to bring.

For these reasons, it appears that plaintiffs lack standing to represent Class C and that the proposal to add this class, as currently drafted, is futile. This is not necessarily an unfixable problem. Plaintiffs may identify a proposed named plaintiff who belongs to, and has standing to represent, Class C. Alternatively, they could revise their class definitions so that plaintiffs Fodera and Bonella are members of each class they seek to represent. For example, instead of proposing separate Classes A, B, and C, they might propose a combined putative class that includes personal trainers, group fitness instructors, and pilates instructors, which would not create the same standing issue. In light of these potential remedies, plaintiffs' motion to amend to add Class C is DENIED WITHOUT PREJUDICE.

### 2. Plaintiffs' Arguments Regarding Class D Fail

Plaintiffs do not argue that they are members of Class D, which includes individuals who have worked as membership advisors, spa therapists, estheticians, or in any similar position and who worked overtime and received any non-discretionary, non-hourly compensation. However, they assert that they may still represent this class because the TAC only brings one claim on behalf of Class D, the inaccurate wage statements claim, and "this issue regarding inaccurate wage statements is the same <u>regardless of position</u> for all individuals in Classes A-D and the alleged injury also is the same regardless of position." Reply at 6 (emphasis in original). As with their arguments with regard to Class C, this argument suggests that Fodera and Bonella might be able to

8

represent a wage statement class that includes everyone in Classes A-E. However, this is not what they have proposed. Instead they have proposed five distinct classes, two of which they do not belong to. Plaintiffs are certainly correct that a "class representative need not have the same job title as each class member," *id.*, but a class representative must be part of the class he seeks to represent. It is plaintiffs who have used specific jobs and job titles as a dividing line and plaintiffs who have proposed four separate job-specific classes in proposed Classes A-D. If plaintiffs actually believe these distinctions are meaningless, they may propose different class definitions. As drafted, plaintiffs do not have standing to represent Class D because they are indisputably not part of the class.

For these reasons, I conclude that plaintiffs' proposed amendment regarding Class D is futile as drafted because plaintiffs lack standing to represent this class. However, as with Class C, this problem could be resolved if plaintiffs identify an individual who belongs to, and has standing, to represent Class D. Alternatively, plaintiffs could revise their class definitions. For example, plaintiffs could propose a single wage statement class that includes all of the individuals on whose behalf plaintiffs seek to bring their wage statement claim – thereby eliminating the job description distinctions that they argue are irrelevant to their wage statement claims. For these reasons, plaintiffs' motion is DENIED WITHOUT PREJUDICE with regard to their request to add proposed Class D.

### B. Viability Of Class E Claim

Equinox opposes plaintiffs' motion for leave as to Class E, arguing that "Proposed Class E is futile because Plaintiffs' sought relief is not available under applicable law." Opp. at 12. However, Equinox's argument seems to be based on a misreading or misunderstanding of the proposed Class E and the relevant claim plaintiffs seek to bring on its behalf.

Proposed Class E is defined as follows:

> Class E: All current and former non-exempt employees employed by any Defendant in California in a non-exempt position and who received meal period and/or rest period premium pay at any time during the four-year periods preceding the filing of this action through the present.

TAC ¶ 41. The only claim that plaintiffs seek to bring on behalf of Class E is the wage statement

claim, in which they allege that Equinox provided inaccurate wage statements to employees who were paid overtime. TAC ¶ 93.

Equinox argues that proposed Class E "does not meet the commonality standard" for certification under Ninth Circuit authority because "failure to pay a wage premium is not a freestanding violation" and a plaintiff must allege a common practice of denying class members meal and rest breaks to sustain meal and rest break claims as a class action. Opp. at 13. Not only does this argument reflect a misunderstanding of plaintiffs' proposed Class E and the one claim brought on behalf of Class E, it is it not appropriate at the motion to dismiss stage. Plaintiffs do not seek to bring meal or rest break claims on behalf of Class E, as Equinox's argument suggests. The only claim brought on behalf of Class E in the proposed TAC is the inaccurate wage statement claim. Nor do plaintiffs allege any "failure to pay a wage premium" to members of Class E. The exact opposite is true. The Class E definition is limited to employees "who *received* meal period and/or rest period premium pay." TAC ¶ 41. Plaintiffs allege that such employees received wage statements that were inaccurate in various ways, including because they listed overtime hours twice. Finally, whether Rule 23's "commonality" requirement is met is a question for the class certification stage, not the pleading stage.

In sum, Equinox's opposition to the addition of Class E misses the mark. It does not appear that the claims brought on behalf of Class E are futile.

## C. Res Judicata & First-To-File

Equinox argues that res judicata and the first-to-file rule bar portions of the new claims plaintiffs seek to bring on behalf of Classes C and D. While I have concluded that plaintiffs' proposed amendments as to Classes C and D are futile as drafted, I do not agree that these other reasons would bar these proposed additions.

First, Equinox argues that a settlement in *Herminia Rodriguez, et al. v. Equinox Holdings, Inc., et al.*, Superior Court of California, County of Los Angeles, Case No. BC437283 ("*Rodriguez*") released claims on behalf of Pilates instructors between May 6, 2006 through June 26, 2015. Equinox argues that this would bar a portion of claims brought on behalf of Class C, which covers a time period from April 3, 2015 to present. Opp. at 14. While it appears that the

United States District Court
Northern District of California

settlement might justify narrowing the relevant class period of proposed Class C, this is a relatively minor issue that could easily be addressed at the class certification stage and does not render all claims alleged on behalf of Class C futile.

Second, Equinox argues that a settlement in *Amanda Hook v. Equinox Holdings, Inc.*, Superior Court of the State of California, County of Los Angeles, Case No. BC638187 ("*Hook*") released claims on behalf of Pilates Coordinators, Spa Coordinators, and Group Fitness Coordinators, who were paid, at least in part, a salary plus piece rate at any time after October 21, 2012 through May 15, 2019. Opp. at 15. Equinox argues that any employees who released their wage and hour claims in *Hook* would be barred from re-litigating that claim as a member of a new putative class for the time period April 3, 2015 through May 15, 2019, and that there may be dozens of relevant employees who would be covered by the *Hook* release. Opp. at 15. Similar to the issue presented by *Rodriguez*, this res judicata issue can be addressed relatively simply with an amendment to the class definition of Class C, excluding any individuals who signed a release as part of the *Hook* litigation. This issue does not render all claims brought on behalf of Class C futile.

Third, Equinox argues that a case filed on December 1, 2020 in state court and later removed to federal court, *Marjorie Saint Hubert et al. v. Equinox Holdings, Inc.*, Case No. 2:21-cv-00086-VAP-JEM (C.D. Cal.) ("*Hubert*"), bars plaintiffs from asserting any claims on behalf of membership advisors under the first-to-file rule. Opp. at 15. Equinox notes that in *Hubert*, the plaintiffs have brought claims on behalf of all membership advisors for a range of California Labor Code violations, including the failure to provide itemized wage statements for a class period of December 1, 2016 through the present. *Id.*

The first-to-file rule is "a judicially created doctrine of federal comity, which applies when two cases involving substantially similar issues and parties have been filed in different districts." *In re Bozic*, 88 F.3d 1048, 1051 (9th Cir. 2018). "Under that rule, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Id.* at 1051-51. In deciding whether to apply the first-to-file rule, a court considers: (i) the chronology of the actions; (ii) the similarity of the parties; and (iii) the similarity of the issues

at stake. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).  The first-to-file rule applies to an entire action – it is not a rule designed to carve out overlapping causes of action within otherwise dissimilar actions.

Here, none of these factors justify application of the first-to-file rule.  First, this case was filed in 2019, well before the *Hubert* case was filed, making this the first filed case.  Second, there is only minor overlap of the putative plaintiff classes.  Although both *Hubert* and the proposed TAC assert claims on behalf of membership advisors, the proposed TAC is far broader, also bringing claims on behalf of personal trainers, group fitness instructors, pilates instructors, and spa employees.  Third, there is minimal overlap in the relevant issues.  While *Hubert* and the proposed TAC both bring wage statement claims on behalf of membership advisors, there are no other overlapping issues between the actions.  *Hubert* brings a number of other claims on behalf of membership advisors, not asserted in the TAC, and the TAC brings many claims not at issue in *Hubert*, including all the wage and hour claims brought on behalf of personal trainers and group fitness instructors, which have been the focus of this litigation to date.  None of the relevant factors support applying the first-to-file rule here and the rule does render plaintiffs' claims as to proposed Class D futile.

For these reasons, Equinox has failed to demonstrate that any of plaintiffs' proposed amendments are futile due to res judicata or the first-to-file rule.

## II.     DILIGENCE

In their motion, plaintiffs argue that they acted diligently in seeking leave to amend because they only recently discovered the factual basis for the claims they now seek to add to this action.  Plaintiffs' counsel explain that they represent the plaintiffs in a related case, *Porter, et al. v. Equinox Holdings, Inc.*, Alameda Superior Court Case No. RG19009052.  They further explain that Equinox produced a number of documents in *Porter* in December 2020, including sample wage statements for all non-exempt positions and compensation plans.  Plaintiffs assert that after reviewing these documents, and deposing Equinox's person most knowledgeable in *Porter*, which took place in January 2021, they realized that their existing claims in this action would also apply to pilates instructors and that they could bring broader wage statement claims on behalf of all non-

12

exempt employees. Mot. at 2-3; Almon Decl. ¶¶ 5-10. Plaintiffs filed this motion one week after the deposition of Equinox's PMK on February 3, 2021. *See* Mot.

Equinox argues that plaintiffs have not acted diligently. It notes that this action was filed close to two years ago in April 2019, and that plaintiffs have already previously amended their complaint. Opp. at 17. Equinox further notes that plaintiffs' explanation why it is seeking leave now is based almost entirely on discovery produced in a separate lawsuit and asserts that "Plaintiffs cannot point to discovery disputes and the filing of a motion for summary adjudication in a *separate* lawsuit in an effort to rationalize their complete lack of diligence in moving to amend in *this* lawsuit." *Id.*

I disagree with Equinox and conclude that plaintiffs have acted with reasonable diligence in seeking amendment. It is not clear why it should matter that plaintiffs learned the relevant facts to support its proposed amendments as part of discovery in a related action or why this should undermine a claim of diligence. Equinox does not dispute that plaintiffs only recently learned the new relevant facts, nor does it argue that plaintiffs *should have* been able to discover these facts through the exercise of reasonable diligence. Accordingly, I conclude that plaintiffs have acted with reasonable diligence in seeking leave to amend.

### III.     PREJUDICE

Equinox argues that the proposed amendment would be unduly prejudicial because it would "expand the scope of this class action, by including potentially thousands of additional employees (all with different job titles than Plaintiffs)" and require additional discovery. Opp. at 16.

Although "[t]here can be prejudice when amending the complaint introduces a new legal or factual theory that imposes additional discovery on defendants," Equinox does not present a strong case of undue prejudice here. The proposed amendments do not appear likely to require substantially different discovery than what would already be likely to occur on the basis of the allegations in the SAC. Plaintiffs' proposed claims on behalf of pilates instructors rely on similar factual allegations and theories as their existing claims on behalf of personal trainers and group fitness instructors. In addition, the primary discovery for plaintiffs' proposed expanded wage

1  statement claims will likely involve production of the wage statements, some of which have
2  already been produced in the *Porter* action.
3      There is also plenty of time remaining in this action to conduct the discovery necessary to
4  address the new issues raised by plaintiffs' proposed amendments.  Class certification is still
5  approximately seven months away and fact discovery does not close until January 5, 2022.
6  Accordingly, it does not appear that the proposed amendments are likely to cause undue prejudice
7  to Equinox.  *See Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. California*,
8  648 F.2d 1252, 1254 (9th Cir. 1981).

## IV.    RELATION BACK

Equinox requests that, if I choose to grant plaintiffs' motion for leave, I determine that plaintiffs' amendments do not relate back to the date the original complaint was filed.  Plaintiffs argue that this issue is an affirmative defense, is not properly before the court, and has no bearing on whether amendment is proper under Rule 15(a).  I agree that this issue is not relevant to the present motion and decline to address it here.

## CONCLUSION

For these reasons, plaintiffs' motion to amend is DENIED WITHOUT PREJUDICE concerning Classes C and D.  It is GRANTED with respect to all other proposed amendments.  If plaintiffs identify appropriate class representatives for Classes C and/or D, or if they wish to amend their class definitions to attempt to include the individuals identified in proposed Classes C and D in this action, they may move again for leave to amend.

**IT IS SO ORDERED.**

Dated: March 26, 2021

William H. Orrick
United States District Judge