UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FODERA, JR., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>EQUINOX HOLDINGS, INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-05072-WHO<br><br>**ORDER GRANTING MOTION TO WITHDRAW DEEMED ADMISSIONS**<br><br>Re: Dkt. No. 108 |

　　　　Defendant Equinox Holdings, Inc. ("Equinox") seeks to withdraw admissions regarding class data that were automatically made under Federal Rule of Civil Procedure 36 because Equinox filed its responses three days late. The motion is GRANTED. Withdrawing the admissions promotes the presentation of the merits of the action and the plaintiffs have not shown that they will be prejudiced as a result. Moreover, allowing the parties to rely on inaccurate data does not serve the ultimate purposes of Rule 36: truth-seeking and efficiency.

## BACKGROUND

　　　　At issue are two letters ("the letters")—one dated June 1, 2021, the other July 22, 2021—that Equinox's counsel sent to the plaintiffs' counsel. Mot. [Dkt. No. 108] 5:3-10. The parties agreed that Equinox would provide the plaintiffs certain class data in anticipation of mediation, including "data pertaining to the number of class members, pay periods, hours worked, shifts for various non-exempt employees, other group fitness class and personal training data." *Id*. at 5:3-7. The letters contained that data. *Id*. at 5:9.

　　　　According to Equinox, it later learned that some of the data in the letters was "inaccurate." *Id*. at 5:13-16. It contends that it "produced and clarified the information in formal, verified responses" to interrogatories on December 10, 2021, January 20, 2022, and February 4, 2022. *Id*.

　　　　On November 18, 2021, the plaintiffs submitted requests for admission, which asked

Equinox to admit that the letters were genuine and the information contained within accurate. *Id*. at 5:17-19. Responses were due by December 20, 2021. *Id*. at 5:20. According to Equinox, because of a miscommunication between counsel and a staff member, the responses—which were objections rather than admissions or denials—were not served until December 23. *Id*. 5:20-25.

The plaintiffs used the data from the letters in their motion for class certification, which they filed on January 5, 2021. *See* Dkt. No. 68. Equinox objected to that use, and filed this motion on February 25, 2022. Dkt. No. 108. Pursuant to Civil Local Rule 7-1(b), this matter was deemed appropriate for resolution without oral argument.

## LEGAL STANDARD

Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36(a)(3) states:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

"The rule is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). "Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Id*.

A matter admitted under Rule 36 is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The court may permit withdrawal or amendment "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id*. The Ninth Circuit has held that courts must "specifically consider" both factors when deciding a motion to withdraw or amend admissions. *Conlon*, 474 F.3d at 622.

## DISCUSSION

The plaintiffs argue that withdrawing the admissions would not promote the presentation of the merits of the action because the information at issue involves class data rather than admissions of liability. Oppo. [Dkt. No. 119] 7:22-24. I disagree. As argued on the motion for

class certification, the plaintiffs' theory of liability relies in significant part on whether Equinox had a policy or practice of requiring employees to perform off-the-clock work or of denying them meal and rest breaks as required by law. That theory may be supported or disproven by some of the data at issue, including the number of shifts and hours that these employees worked, as compared to the amount of money they were paid. Allowing Equinox to withdraw the admissions would, in this instance, promote the presentation of the merits of the action.

As the party relying on the deemed admissions, the plaintiffs have the burden of proving prejudice. *Conlon*, 474 F.3d at 622. They argue that they have relied on this data since Equinox provided it in June and July 2021. *See* Oppo. at 5:16-18. They then focus on factors that a court in the Central District of California used in considering a similar motion, namely lack of good cause and candor, and a pattern of discovery delays. *See id*. at 6:3-27 (citing *Full Tilt Boogie, LLC v. KEP Fortune, LLC*, No. 19-CV-09090, 2021 WL 3261638 (C.D. Cal. May 24, 2021)).

This case is not persuasive, and in relying on it, the plaintiffs miss their central task as articulated in *Conlon*: showing that allowing Equinox to withdraw its admissions would prejudice their ability to prove their claims at trial. *See Conlon*, 474 F.3d at 623. Equinox submitted its objections a mere three days after the response deadline, and later updated the underlying data in other responses, which the plaintiffs do not contest. Nor do the plaintiffs articulate how withdrawing these admissions will prejudice their ability to prove their claims at trial eight months before that trial is set to occur. Plaintiffs have failed to carry their burden in showing prejudice.

As the Ninth Circuit stated, Rule 36 "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Id*. at 622. Squabbling over a three-day delay serves neither.

## CONCLUSION

For the reasons stated above, Equinox's motion is GRANTED.

**IT IS SO ORDERED.**

Dated: April 4, 2022

William H. Orrick
United States District Judge

3