UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK J. FODERA, JR., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>EQUINOX HOLDINGS, INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-05072-WHO<br><br>**ORDER STRIKING MOTION FOR ORDER TO SHOW CAUSE AND RELATED EX PARTE APPLICATION**<br><br>Re: Dkt. Nos. 142, 143 |

On July 15, 2022, defendant Equinox Holdings, Inc. ("Equinox") filed a motion seeking an Order to Show Cause why plaintiffs Frank Fodera, Jr., Michael Bonella, and Genevieve Billson ("the plaintiffs") should not be held in contempt or sanctioned for purportedly violating my June 22, 2022 Order on a discovery dispute by not identifying all class members that they reasonably believe will be witnesses at trial. Dkt. No. 142. Equinox also filed an application seeking an ex parte determination of the motion or, alternatively, to shorten time to hear it. Dkt. No. 143.

After reviewing the motions, the plaintiffs' oppositions, and the accompanying exhibits, the motions are STRUCK. It is Equinox who violated my Order.

Equinox's substantive argument is entirely frivolous and without merit. I ordered the plaintiffs to identify any class members that they reasonably believed will be trial witnesses "to the extent they can do so." *See* Dkt. No. 139 at 2. The plaintiffs did just this, sending Equinox a list of 25 class members "whom plaintiffs anticipate, based on their current information, they may call as witnesses at trial." *See* Dkt. No. 142-5. Although the plaintiffs noted that this was "not a complete list of witnesses plaintiffs intend to call at trial," that caveat does not mean they disobeyed my order, which focused on *class members* who may be witnesses at trial. *See id*. Plaintiffs explained in an email on July 12 that they named "the class members who we can

reasonably identify as trial witnesses at this time." I have no reason to doubt that representation and Equinox offers no valid reason to think otherwise; rather, it conjures a purely speculative argument that there are additional class members whom the plaintiffs have not disclosed.[1] *See* Dkt. No. 142.

In the Order underlying this dispute, I warned Equinox that it improperly filed a motion for leave to take class member depositions before the parties filed a joint discovery letter describing the issue. *See* Dkt. No. 139 at 2 n.3. I also directed the parties to review section 4 of my Standing Order for the proper procedure for discovery disputes. *See id*. Yet once again, Equinox failed to follow my procedure for resolving discovery disputes, as articulated in section 4 of my Standing Order for Civil Cases. Equinox made no effort to meet and confer in person or by videoconference with the plaintiffs. *See* Dkt. No. 144 at 3:9-11. Nor did the parties submit a joint discovery letter outlining their dispute. Instead, Equinox filed a meritless motion two days after the parties exchanged a total of five emails over the issue. *See* Dkt. No. 142-5. This wastes the time and resources of the court the parties. It was a particular waste of money for Equinox. Rather than focus on serious discovery issues that would matter for trial—let alone the merits of the case—Equinox filed two motions that were entirely unnecessary.

I do not like issuing sanctions. Equally, I do not like it when lawyers disregard my orders. And I really do not like frivolous motions made without any real attempt to hash out any true, important disagreement. Let this be a final warning to Equinox and its counsel.

For these reasons, Equinox's motions are STRUCK and denied.

**IT IS SO ORDERED.**

Dated: July 20, 2022

William H. Orrick
United States District Judge

---

[1] I expect plaintiffs' counsel to cooperate in good faith with the scheduling of these depositions.

2